Vincent HICKEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted on Briefs: Dec. 19, 1983.

Decided: Feb. 7, 1984.

Leo J. Ramunno, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

James R. Leonard, Wilmington, for defendant below, appellant.

Before McNEILLY, MOORE and CHRISTIE, JJ.

PER CURIAM.

The defendant, Vincent Hickey, appeals from a decision of the Superior Court ordering that another preliminary hearing be held in Family Court to determine if he was to be bound over for trial in Superior Court. (The parties apparently agree that Hickey was found to be nonamenable to the rehabilitative processes of the Family Court. *See* 10 *Del.C.* § 938; Fam.Ct.R. 170.) The State has moved to dismiss the appeal, contending that the Superior Court decision is an interlocutory order in a criminal case and, under well-settled Delaware law, this Court has no appellate jurisdiction at this time.

The issue presented by the motion is the nature of a preliminary hearing held in the Family Court pursuant to 10 *Del.C.* § 938 and Family Court Rule 70(c). An examination of the various statutes and rules shows no distinction between a preliminary hearing held to determine if an adult should be bound over for the grand jury or for trial and the hearing contemplated by section 938 and the associated rules. *Compare* 11 *Del.C.* § 5308, Ct.C.P. Crm.R. 6, and Super.Ct.Crim.R. 5.1 *with* 10 *Del.C.* § 938 and Fam.Ct.R. 70(c) & 170(d). In both situations, the Court must decide whether probable cause exists to hold the defendant on the charge. Before the Family Court can hold the hearing, however, it

must declare the child to be nonamenable to the rehabilitative processes of the court. 10 *Del.C.* § 938(a), (c); Fam.Ct.R. 170(d). By the terms of section 938(a), once a child is found to be nonamenable he must be proceeded against as an adult. *Cf. Haug v. State*, Del.Supr., 406 A.2d 38, 42 (1979). The Court recognizes that "proceedings against a child are not criminal in concept or in practice." *State v. J.K.*, Del.Supr., 383 A.2d 283, 286 (1977). *See id.* at 287. As Hickey also argues, there are various advantages to a juvenile facing delinquency charges in Family Court that are unavailable to an adult defendant. *E.g.*, 10 *Del.C.* §§ 930, 931, 937. But the very words of section 938(a)—"A child shall be proceeded against as an adult where ... (2) The child has reached his 16th birthday and is not amenable to the rehabilitative processes available to the [Family] Court"—make clear that a child found to be nonamenable loses those advantages and acquires the status of an adult criminal defendant.

■ Since the case is now a criminal cause, the appellate jurisdiction of this Court is governed by article IV, section 11(1)(b) of the Delaware Constitution; only a final judgment of conviction, resulting in a sentence of death, imprisonment for more than one month, or a fine greater than $100 is appealable. *E.g., Rash v. State*, Del. Supr., 318 A.2d 603 (1974); *Steigler v. Superior Court*, Del.Supr., 252 A.2d 300 (1969); *Hodsdon v. Superior Court*, Del. Supr., 239 A.2d 222 (1968); *Norman v. State ex rel. Bove*, Del.Supr., 177 A.2d 347 (1962). The same factors, outlined in these cases, that militate against interlocutory appeals in criminal cases are equally applicable when the appeal is from an order such as the one at issue here. *See, e.g., C.E.H. v. Commonwealth*, Ky.Ct.App., 619 S.W.2d 725, 727 (1981). There being no final judgment in the case at this point that meets the jurisdictional requirements of article IV, section 11(1)(b), the Court concludes that the appeal must be dismissed for lack of subject matter jurisdiction. *E.g., Hodsdon*, 239 A.2d at 224.

DISMISSED.