Deandre M. ROBINSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 344, 1995.

Supreme Court of Delaware.

Submitted: Nov. 17, 1997.

Decided: Jan. 8, 1998.

---

Sheryl Rush–Milstead, Wilmington, for Appellant.

William E. Molchen, Deputy Attorney General, Department of Justice, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

PER CURIAM:

In this appeal from the Family Court, the appellant, Deandre Robinson ("Robinson"), a juvenile, seeks reversal of a Family Court order finding him non-amenable and transferring the criminal charges pending against him to Superior Court. We find the appeal to be an interlocutory appeal in a criminal case and, because we are without jurisdiction to hear it, dismiss the appeal.

**I.**

The charges against Robinson arose out of two separate incidents that occurred while he was 17 years of age. Those charges included: Attempted Theft; Criminal Mischief; Conspiracy Second Degree; Burglary First Degree; Attempted Robbery First Degree; and Possession of a Deadly Weapon During Commission of a Felony.[1] Although originally charged with delinquency, a Family Court judge found Robinson to be non-amenable to the Family Court's processes, pursuant to 10 *Del.C.* §§ 1010(a)(2) and (c)(1), and transferred the charges to the Superior Court for criminal prosecution. Robinson appeals that non-amenability determination.[2]

**II.**

Robinson contends that the Family Court's ruling of non-amenability is a final order and, therefore, may be appealed directly to this Court. *Del. Const.* art IV, § 11(5). He argues that the ruling is final because, in divesting the Family Court of jurisdiction over a juvenile, it "determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration." *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, Del.Supr., 146 A.2d 794, 795 (1958).

Alternatively, Robinson contends that, should this Court find his appeal to be interlocutory, it may nonetheless entertain the appeal because all proceedings in Family Court are civil, not criminal, in nature. *Hughes v. State*, Del.Supr., 653 A.2d 241, 244 (1994). *Cf. Hickey v. State*, Del.Supr., 474 A.2d 118 (1984). He argues that the Family Court order finding him non-amenable determines a substantial issue and establishes his due process right to an appeal, thus meeting

---

1. The Possession of a Deadly Weapon During Commission of a Felony count was automatically transferred to the Superior Court.

2. Robinson was originally found to be non-amenable by a Family Court Commissioner on May 10, 1995. That ruling was subsequently upheld by a Family Court Judge, and Robinson filed his first appeal on August 30, 1995. The State moved to dismiss that first appeal, but this Court ordered the matter remanded to the Family Court, with jurisdiction retained, for a determi-

nation by the Family Court of the effect of 10 *Del.C.* §§ 921 and 1010, as amended effective July 19, 1995. When the taped transcript of Robinson's original amenability hearing could not be located, this Court ordered the Family Court to conduct another amenability hearing. At that hearing, held on October 28, 1996, a Family Court judge again found Robinson non-amenable to Family Court processes. It is from that ruling that the present appeal is directed.

the criteria for acceptance of an interlocutory appeal under Supr.Ct.R. 42.

The State responds that, although the amenability proceeding was civil in nature, this Court may not entertain Robinson's appeal because it is interlocutory and there was no attempt to comply with the requirements of Supr.Ct.R. 42. Moreover, it is contended that the non-amenability determination is not a final judicial resolution of the entire matter, but merely establishes in which forum the matter will continue. The ultimate determination of guilt may be appealed should Robinson be convicted of the charged offenses in Superior Court. *See Bacon v. State*, Del. Supr., No. 474, 1992, Walsh, J., 1993 WL 433528 (Oct. 15, 1993) (ORDER at 3–4).

■ An order constitutes a final judgment where it "leaves nothing for future determination or consideration." *Werb v. D'Alessandro*, Del.Supr., 606 A.2d 117, 119 (1992). Although the Family Court's determination that Robinson was non-amenable terminates that court's jurisdiction over him, it is neither an adjudication on the merits, nor a final resolution of the case, which continues as a criminal prosecution in Superior Court. If Robinson is acquitted or pleads guilty to a lesser charge, the issue of his amenability becomes moot. A non-amenability determination is analogous to a preliminary hearing in the Court of Common Pleas where that court finds sufficient evidence to bind a defendant over for appearance before a grand jury and transfers the case to Superior Court. While such a ruling serves to divest the Court of Common Pleas of jurisdiction, it is merely part of the continuum of a criminal proceeding that is concluded in another court. Hence, an appeal from a non-amenability determination is clearly interlocutory.[3] *In re McCord*, 445 Pa.Super. 137, 664 A.2d 1046, 1048 (1995) ("Where a juvenile appeals the transfer of his case to the criminal division or the denial of transfer from the criminal division, ... [s]uch orders are, in every sense, interlocutory, and are not ap-

pealable until judgment of sentence has been ordered.").

■ Although charges of delinquency against a juvenile are viewed as civil in nature when commenced, the case becomes a criminal prosecution when the child is referred for trial as an adult in the Superior Court or any other court with jurisdiction over the offense. *Hughes*, 653 A.2d at 245. *Accord Hickey*, 474 A.2d at 119 (holding that once a child is found to be non-amenable, that child loses the advantages provided a juvenile in a delinquency proceeding and acquires the status of an adult criminal defendant). Robinson's case is, thus, subject to the well-established rule that this Court is without jurisdiction to hear interlocutory appeals in criminal cases. *Del. Const.* art. IV, § 11(1)(b); *Grossberg v. State*, Del.Supr., No. 307, 1997, Veasey, C.J., 1997 WL 450286 (July 25, 1997) (ORDER at 3); *State v. Cooley*, Del.Supr., 430 A.2d 789, 791 n. 2 (1981).

■ Robinson's due process argument is without merit because, while a specific ruling may be final in the sense that it constitutes a court's final statement on the issue, the appealability of the ruling does not ripen until all of the rights of the parties are finally adjudicated. *Pollard*, 692 A.2d at 880 (citing *Julian v. State ex rel. Secretary of Dept. of Transp.*, Del.Supr., 440 A.2d 990 (1982)). Where the Family Court has found a juvenile to be non-amenable, and the case is transferred to Superior Court,

> [t]he defendant's rights to contest the trial court's transfer decision are fully preserved pending final disposition of the case, and at that time may be vindicated on appeal. Despite the fact that the defendant may not immediately appeal the transfer order, he, in essence, lives to fight another day.

*McCord*, 664 A.2d at 1048 (footnote omitted). *Accord* 10 *Del.C.* § 144 ("A failure to appeal from an interlocutory order ... shall not bar

---

**3.** If a non-amenability determination were appealable as a final adjudication, then, arguably, the State could appeal a determination of amenability, which continues the case in Family Court. As a matter of policy, and to avoid further delay in the adjudication of offenses against juveniles,

this Court should not encourage such appeals. *Pollard v. The Placers, Inc.*, Del.Supr., 692 A.2d 879, 881 (1997) ("in the absence of a specific constitutional definition, the determination of what constitutes an appealable order is a policy decision to be made by the appellate tribunal").

a party from making any objection to such interlocutory order ... on appeal from the final order, judgment or decree.").

We conclude that this Court is without jurisdiction to entertain Robinson's appeal from the Family Court's non-amenability determination. Accordingly, the appeal is **DISMISSED**.