PHILIP A. CHRISTOPHER, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 488, 2009, Cr. ID No. 0603012551.
Supreme Court of Delaware.
Submitted: September 1, 2009.
Decided: September 4, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 4th day of September 2009, it appears to the Court that:
(1) The appellant, Philip A. Christopher, was convicted of Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. On direct appeal, this Court affirmed the judgments of conviction.[1]
(2) On August 24, 2009, Christopher filed a notice of appeal from the Superior Court's August 12, 2009 denial of his request for transcript at State expense. It appears that Christopher seeks the preparation of transcript to pursue postconviction relief.
(3) On August 24, 2009, the Clerk issued a notice directing that Christopher show cause why his appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for the Court's lack of jurisdiction to consider a criminal interlocutory appeal. In his response to the notice to show cause, Christopher asserts that the Superior Court's order denying him transcript at State expense interferes with his right to pursue postconviction relief and thus should be appealable as a final order.
(4) Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[2] It this case, the Superior Court's August 12, 2009 denial of Christopher's request for transcript at State expense is an interlocutory ruling and thus is "not appealable as a collateral order prior to the entry of a final order on a postconviction motion."[3]
(5) "As this Court has observed in similar circumstances, [Christopher's] proper recourse is to file a motion in the Superior Court for postconviction relief which clearly demonstrates the actual need for the transcript `to determine whether movant may be entitled to relief' under Superior Court Criminal Rule 61(d)(3)."[4] If Christopher's postconviction motion is unsuccessful on the merits, he may then appeal to this Court for a review of that final judgment as well as any interlocutory judgment relating to the denial of a request for transcript at State expense.[5]
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the appeal is DISMISSED.
NOTES
[1] Christopher v. State, 930 A.2d 894 (Del. 2007).
[2] Del. Const. art. IV, § 11(1)(b).
[3] Mundy v. State, 1999 WL 636615 (Del. Supr.).
[4] Browne v. State, 1992 WL 21146 (Del. Supr.).
[5] See In re Middlebrook, 2000 WL 975060 (Del. Supr.) (citing In re Hyson, 649 A.2d 807, 808 (Del. 1994)).