IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID M. DAVIS, | § | |
| | § | No. 328, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | Cr. ID No. 0207002276 |
| Appellee. | § | |

Submitted:  July 21, 2014
Decided:     August 26, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 26th day of August 2014, it appears to the Court that:

(1)     In 2003, the appellant, David M. Davis, was convicted of three counts of Rape in the First Degree and other offenses and was sentenced to a total of sixty years at Level V followed by two years at decreasing levels of supervision.  On direct appeal, this Court affirmed Davis' convictions and

sentence.[1]  The Court has also affirmed the denial of Davis' first and second motions for postconviction relief under Superior Court Criminal Rule 61.[2]

(2)  Davis has appealed the Superior Court's May 21, 2014 order denying his motion for transcripts at State expense.  By notice dated June 20, 2014, the Clerk directed that Davis show cause under Supreme Court Rule 29(b) why the appeal should not be dismissed based upon this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal matter.

(3)  In his July 21, 2014 response to the notice to show cause, Davis states that he needs the transcript to pursue further postconviction remedies. Davis argues that, under the Delaware Constitution, this Court has jurisdiction to determine all appeals from the Superior Court in criminal cases, including his appeal from the May 21, 2014 denial of his motion for transcripts at State expense.

(4)  Davis is mistaken.  Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[3]  In this case, the Superior Court's May 21, 2014 order denying Davis' motion for

---

[1] *Davis v. State*, 2004 WL 3021168 (Del. Dec. 30, 2004).

[2] *Davis v. State*, 2013 WL 6410231 (Del. Dec. 5, 2013) (affirming denial of second postconviction motion); *Davis v. State*, 2007 WL 2473224 (Del. Aug. 31, 2007) (affirming denial of first postconviction motion).

[3] Del. Const. art. IV, § 11(1)(b).

transcripts is an interlocutory order.[4]  The denial of Davis' motion for transcripts is not appealable as a collateral order before the entry of a final order on a motion for postconviction relief.[5]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[4] *Accord Ridley v. State*, 2014 WL 1875483 (Del. May 6, 2014) (citing Del. Const. art. IV, § 11(1)(b)); *Browne v. State*, 1992 WL 21146 (Del. Jan. 21, 1992) (citing *Gannett Co., Inc. v. State*, 565 A.2d 895, 899 (Del. 1989)).

[5] *See St. Louis v. State*, 2012 WL 130877 (Del. Jan. 17, 2012) (citing *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998)).