IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEON K. PERKINS, | § | |
| | § | No. 648, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0212008942 |
| Appellee. | § | |

Submitted: December 3, 2014
Decided: January 13, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

### O R D E R

This 13th day of January 2015, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) In 2005, the appellant, Leon K. Perkins, was convicted of Murder in the First Degree and related weapon offenses and was sentenced to mandatory life imprisonment plus sixteen years. On direct appeal, this Court affirmed Perkins' convictions and sentence.[1] In 2008, the Court

---

[1] *Perkins v. State*, 920 A.2d 391 (Del. 2007).

affirmed the denial of Perkins' motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(2) Perkins has appealed the Superior Court's November 5, 2014 order denying his motion for appointment of counsel. By notice dated November 24, 2014, the Clerk directed that Perkins show cause under Supreme Court Rule 29(b) why the appeal should not be dismissed for this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal matter.[3]

(3) In his December 3, 2014 response to the notice to show cause, Perkins states that he is entitled to the appointment of counsel to pursue further postconviction remedies. Perkins argues that, under the Delaware Constitution, this Court has jurisdiction to determine all appeals from the Superior Court in criminal cases, including his appeal from the Superior Court's November 5, 2014 order denying his motion for appointment of counsel.

(4) Perkins is mistaken. Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[4] In this

---

[2] State v. Perkins, 2008 WL 2406231 (Del. Super. June 11, 2008), aff'd, 2008 WL 5191831 (Del. Dec. 11, 2008).

[3] See Del. Supr. Ct. R. 29(b) (governing involuntary dismissal upon notice of the Court).

[4] Del. Const. art. IV, § 11(1)(b); State v. Cooley, 430 A.2d 789, 791 (Del. 1981).

case, the Superior Court's November 5, 2014 order denying Perkins' motion for appointment of counsel is an interlocutory order.[5] The denial of Perkins' motion is not appealable as a collateral order before the entry of a final order on a motion for postconviction relief.[6]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *Accord Lopez v. State*, 2014 WL 3586494 (Del. July 21, 2014); *Harris v. State*, 2013 WL 4858990 (Del. Sept. 10, 2013); *Brown v. State*, 2012 WL 4466314 (Del. Sept. 26, 2012) (dismissing appeals from Superior Court orders denying appointment of counsel as impermissible criminal interlocutory appeals).

[6] *See St. Louis v. State*, 2012 WL 130877 (Del. Jan. 17, 2012) (citing *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998)).