IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL CHURCH, | § | |
| | § | No. 599, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1101004755 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 11, 2015
Decided:    March 17, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 17th day of March 2015, upon consideration of the State's motion to dismiss and the appellant's response thereto, it appears to the Court that:

(1)    The appellant, Michael Church, filed this appeal from a decision of the Superior Court, dated October 3, 2014, denying his motion for reconsideration of the Superior Court's September 24, 2013 denial of his motion for appointment of counsel. The State has filed a motion to dismiss Church's appeal based on this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal matter.

(2) Church filed a response to the motion to dismiss on February 11, 2015. The response addresses the merits of his motion for counsel but does not address the interlocutory nature of this appeal.[1]

(3) Under the Delaware Constitution, only a final judgment may be reviewed by the Court in a criminal case.[2] The Court has no jurisdiction to entertain an appeal from an interlocutory order in a criminal matter.[3]

(4) The Superior Court's October 3, 2014 order denying Church's motion for appointment of counsel is an interlocutory order. The denial of the motion for appointment of counsel is not appealable as a collateral order.[4]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

_____
Justice

---

[1] Church's response suggests that he is also attempting to appeal the Superior Court's denial of his motion for postconviction relief. The order denying postconviction relief was docketed in June 2013. Any appeal from that order is clearly out of time and cannot be considered by this Court now. *See* Supr. Ct. R. 6(a)(iii).

[2] Del. Const. art. IV, § 11(1)(b).

[3] *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998).

[4] *Gottlieb v. State*, 697 A.2d 400, 402 (Del. 1997).

-2-