IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HASSAN J. PERRY, | § | |
| | § | No. 491, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0809006271C |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 8, 2015
Decided: October 22, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 22nd day of October 2015, upon consideration of the notice to show cause, the appellant's response, and the State's reply, it appears to the Court that:

(1)  The appellant, Hassan Perry, filed his notice of appeal on September 10, 2015 from a Superior Court order dated August 14, 2015.  The Superior Court's order granted Perry's appointed postconviction counsel's motion to withdraw as counsel "subject to Rule 61(e)(5)(6)."  The Clerk of this Court issued a notice to Perry directing him to show cause why his appeal should not be dismissed based on this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal case.

(2) Perry filed a response to the notice to show cause. Although his response is not entirely clear, Perry appears to suggest that the Superior Court's citation to Superior Court Rule 61(e)(6)[1] constituted a ruling on the merits of his postconviction motion. In its reply, the State asserts that the Superior Court's order was not a ruling on the merits of Perry's motion and that substitute counsel has been appointed to represent Perry in the postconviction proceedings below. The State argues that Perry's appeal must be dismissed as interlocutory.

(3) Under the Delaware Constitution, this Court may only review a final judgment in a criminal case.[2] The Superior Court's grant of counsel's motion to withdraw was not a ruling on the merits of Perry's postconviction motion and is clearly an interlocutory ruling.[3] As a result, this Court does not have jurisdiction to review this appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the within appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] Superior Court Criminal Rule 61(e)(6) states in part, "If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."

[2] Del. Const. art. IV, § 11(1)(b).

[3] *See Robinson v. State*, 704 A.2d 269, 271 (Del. 1998).

[4] *See Gottlieb v. State*, 697 A.2d 400 (Del. 1997).