IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL BISHOP, | § | |
| | § | No. 146, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 86013220DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 11, 2016
Decided: June 2, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 2nd day of June 2016, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant, Samuel Bishop, has appealed the Superior Court's order of March 8, 2016, denying his "motion for discovery and inspection." Bishop's motion sought a copy of the available pretrial discovery from his 1979 convictions for Rape in the First Degree and Kidnapping in the First Degree.

(2) On March 29, 2016, the Clerk issued a notice to Bishop to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to consider an interlocutory appeal in a criminal case. Bishop has filed a response

to the notice to show cause, explaining that he needs the pretrial discovery "to develop a factual record" to support a postconviction motion he intends to file.

(3)   Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[1] In this case, the Superior Court's denial of Bishop's motion for discovery and inspection is not a final order and cannot be appealed to this Court prior to the entry of a final order on a postconviction motion.[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *Accord Ridley v. State*, 2014 WL 1875483 (Del. May 6, 2014) (citing Del. Const. art. IV, § 11(1)(b)); *St. Louis v. State*, 2012 WL 130877 (Del. Jan. 17, 2012) (citing *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998)); *Browne v. State*, 1992 WL 21146 (Del. Jan. 21, 1992) (citing *Gannett Co., Inc. v. State*, 565 A.2d 895, 899 (Del. 1989)).