IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUSTIN PARKER, | § | |
| | § | No. 542, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1703009269 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |
| | § | |

Submitted: December 27, 2017
Decided: January 16, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 16th day of January 2018, upon consideration of the notice to show cause and the appellant's response and request for an extension of time, it appears to the Court that:

(1) On December 1, 2017, a Superior Court jury convicted the appellant, Justin Parker, of multiple criminal offenses and acquitted him of others. The Superior Court docket reflects that Parker's sentencing is scheduled for February 16, 2018. Parker is represented by counsel in the Superior Court.

(2) On December 15, 2017, Parker filed a *pro se* notice of appeal from the jury's verdict. The Senior Court Clerk issued a notice to Parker

directing him to show cause why the appeal should not be dismissed for this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal matter.

(3)     Parker filed a response and request for an extension of time on December 27, 2017.  His response contends that the verdict was final and that he needs an extension of time to research and respond to why his appeal should not be dismissed as interlocutory.

(4)     Under the Delaware Constitution, only a final judgment may be reviewed by the Court in a criminal case.[1]  A criminal conviction is not a final judgment until the defendant has been sentenced by the trial court.[2]  Parker has not yet been sentenced.  The Court has no jurisdiction to entertain an appeal from an interlocutory order in a criminal matter.[3]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).
[2] *Kelly v. State*, 1987 WL 38717 (Del. Sept. 15, 1987)
[3] *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998).