# IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAVELL CUNNINGHAM, § 
§ 
　Defendant Below, § No. 614, 2018
　Appellant, § 
§ Court Below—Superior Court
　v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 0911004249 (S)
§ 
　Plaintiff Below, § 
　Appellee. § 

Submitted: January 8, 2019
Decided: January 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)　On December 19, 2018, the appellant, Lavell Cunningham, filed a notice of appeal from a Superior Court order, dated November 19, 2018, denying his motion for a transcript of his guilty plea colloquy at State expense. The Senior Court Clerk issued a notice directing Cunningham to show cause why this appeal should not be dismissed based upon this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Cunningham argues that his guilty plea was defective and that he is entitled to a transcript.

(2)     Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[1]  The Superior Court's order denying Cunningham's motion for a transcript is an interlocutory order.[2]  The denial of a motion for transcripts is not appealable as a final order before entry of a final judgment on a motion for postconviction relief.[3]  In denying Cunningham's motion, the Superior Court noted that no postconviction motion was pending.

(3)     As this Court has observed previously, Cunningham's "proper recourse is to file a motion in the Superior Court for postconviction relief which clearly demonstrates the actual need for the transcript" to determine whether he may be entitled to relief under Superior Court Criminal Rule 61(d)(4).[4]  If the Superior Court denies Cunningham's motion for postconviction relief, "he may then appeal to this Court for a review of that final judgment as well as any interlocutory judgment relating to the denial of a request for transcript at State expense."[5]  At this point in time, the Court lacks jurisdiction to consider Cunningham's interlocutory appeal.

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g., Davis v. State*, 2014 WL 4243634, at *1 (Del. Aug. 26, 2014) (holding that order denying motion for transcripts to pursue further postconviction remedies was interlocutory).

[3] *Id.*

[4] *Browne v. State*, 1992 WL 21146, at *1 (Del. Jan. 21, 1992).  In his postconviction motion, Cunningham will have to overcome the procedural bar of Rule 61(i)(1), which bars motions for postconviction relief filed more than one year after the judgment of conviction is final. Cunningham's conviction became final in 2010.

[5] *Christopher v. State*, 2009 WL 2841191, at *1 (Del. Sept. 4, 2009).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice