IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEON POWELL, a.k.a. RASHID ALI, | § | No. 48, 2020 |
| | § | |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 82007195DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 17, 2020
Decided: March 19, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On February 7, 2020, the appellant, Leon Powell, a.k.a. Rashid Ali, filed a notice of appeal from a Superior Court order, dated January 13, 2020, denying his motion for transcripts. The Clerk issued a notice directing Powell to show cause why this appeal should not be dismissed based upon this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Powell asserts that he has a right to review the penalty phase of his trial.

(2)  In this case, the Court asked the State to clarify the nature of the proceedings currently pending before the Superior Court in Powell's case. The State has responded and notes that Powell's request for transcripts appears to have been made because Powell was contemplating filing a Rule 35(a) motion for correction of an illegal sentence. Although a Rule 35(a) motion is not currently pending before the Superior Court, the docket reflects that Powell has filed a motion to dismiss and a motion for postconviction relief in the Superior Court, both of which remain pending.

(3)  Under the Delaware Constitution only a final judgment may be reviewed by the Court in a criminal case.[1] "An order constitutes a final judgment where it leaves nothing for future determination or consideration."[2] The Superior Court's January 13, 2020 order denying Powell's motion for transcripts is an interlocutory order.[3] To the extent that Powell seeks transcripts in connection with his pending motion for postconviction relief, his pending motion to dismiss, or a future filing of a Rule 35(a) motion, if Powell is unsuccessful on the merits of any such motion, he may then appeal to this Court for a review of that final judgment as well as any interlocutory ruling relating to the denial of a request for transcript at

---

[1] Del. Const. art. IV, § 11(1)(b).
[2] *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998) (internal quotation marks and citation omitted).
[3] *Hall v. State*, 2018 WL 3993440, at *1 (Del. Aug. 17, 2018).

2

State expense.[4]  At this point in time, however, the Court lacks jurisdiction to consider Powell's interlocutory appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *Christopher v. State*, 2009 WL 2841191, at *1 (Del. Sept. 4, 2009).