IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD MUJICA, | § | |
| | § | |
| Defendant Below, | § | No. 300, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1812004090 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 25, 2020
Decided: October 1, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On September 10, 2020, the appellant, Edward Mujica, filed a notice of appeal from a Superior Court order, dated August 11, 2020, granting his motion for transcripts at State expense, but otherwise denying his motion for discovery. The Senior Court Clerk issued a notice directing Mujica to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal

matter. In his response to the notice to show cause, Mujica asks the Court to review his untimely appeal.[1]

(2) Under the Delaware Constitution, the Court may review only a final judgment in a criminal case.[2] The Superior Court's denial of Mujica's motion for discovery is an interlocutory, not final, order.[3] The Court does not have jurisdiction to review this appeal.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Mujica's appeal is timely.

[2] Del. Const. art. IV, § 11(1)(b).

[3] *See, e.g., Bishop v. State*, 2016 WL 3379871, at *1 (Del. June 2, 2016) (finding the denial of a motion for discovery and inspection was an interlocutory, not final, order); *Daniels v. State*, 2009 WL 3367072, at *1 (Del. Oct. 20, 2009) (finding the denials of motions for discovery and appointment of counsel were interlocutory).

[4] This Court would have jurisdiction of a timely appeal from a final order denying a motion for postconviction relief under Superior Court Criminal Rule 61, which could include interlocutory rulings like the denial of a motion for discovery for the postconviction motion. *See, e.g., Christopher v. State*, 2009 WL 2841191, at *1 (Del. Sept. 4, 2009) (dismissing appeal from order denying preparation of transcript at State expense, but noting that if the appellant filed a motion for postconviction relief showing a need for a transcript and that motion was denied, the appellant could appeal the denial of that motion).