IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALONZO MORRIS, | § | |
| | § | No. 320, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1206005058 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 1, 2021
Decided: November 4, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the appellant's responses, it appears to the Court that:

(1)     On October 12, 2021, the appellant, Alonzo Morris, filed a notice of appeal from two Superior Court orders—dated September 20, 2021, and October 5, 2021—denying his motions for transcripts at State expense. The Senior Court Clerk issued a notice directing Morris to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. In his responses to the notice to show cause, Morris asserts that he needs the guilty plea colloquy transcript in order to pursue relief in the Superior

Court. Morris also claims that the Superior Court mischaracterized his motions as requesting transcripts at State expense because Morris has made his own financial arrangements to pay for the transcripts. We note that Morris need not move to obtain transcripts if he intends to pay for their preparation. He may, as he represents that he has done, simply make payment arrangements with the court reporter's office to obtain the transcripts that he desires. The Superior Court's orders denying Morris's motions for transcripts at State expense did not affect Morris's ability to independently pay for and obtain transcripts.

(2) In any event, the Superior Court's September 20, 2021 and October 5, 2021 orders denying Morris's motions for transcripts are not subject to review at this time because they are interlocutory orders.[1] Under the Delaware Constitution, only a final judgment may be reviewed by the Court in a criminal case.[2] "An order constitutes a final judgment where it leaves nothing for future determination or consideration."[3] The motions for transcripts reflect that Morris seeks the transcripts to supplement a motion for collateral review and a petition for an extraordinary writ. The Superior Court docket reflects that, to date, no motions or petitions are pending in Morris's case. To the extent that Morris seeks transcripts at State expense in connection with the future filing of a motion for collateral review or a petition for

---

[1] *Davis v. State*, 2014 WL 4243634, at *1 (Del. Aug. 26, 2014).
[2] Del. Const. art. IV, § 11(1)(b).
[3] *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998) (internal quotation marks and citation omitted).

an extraordinary writ, if Morris is unsuccessful on the merits of such a motion or petition, he may then appeal to this Court for a review of that final judgment as well as the interlocutory ruling relating to the denial of a request for transcript at State expense.[4] At this point in time, however, the Court lacks jurisdiction to consider Morris's interlocutory appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *Christopher v. State*, 2009 WL 2841191, at *1 (Del. Sept. 4, 2009).

3