IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR a/k/a STERLING HOBBS, | § § § | No. 416, 2022 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | Cr. ID No. 75060892DI (N) |
| STATE OF DELAWARE, | § § | |
| Appellee. | § | |

Submitted: November 14, 2022
Decided: November 29, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the response to the notice to show cause, it appears to the Court that:

(1)    In 1976, a Superior Court jury convicted the appellant, Amir Fatir a/k/a Sterling Hobbs, of first-degree murder and other crimes. After Fatir's death sentence was vacated,[1] the Superior Court sentenced Fatir to life imprisonment for the murder conviction and to terms of imprisonment for the other crimes. This Court affirmed

---

[1] *Spence v. State*, 367 A.2d 983 (Del. 1976).

the Superior Court's judgment on direct appeal.[2] Fatir subsequently filed unsuccessful motions and writs for postconviction relief.[3]

(2) On October 14, 2022, Fatir filed a motion for the transcripts of his 1976 trial. He argued that indigent defendants in capital cases are entitled to free transcripts and that the 1975 version of Supreme Court Rule 10A provided for waiver of the docketing fee and provision of the transcripts at no charge when an indigent defendant appealed his criminal conviction. On October 28, 2022, the Superior Court denied the motion. The Superior Court noted that Fatir's case was no longer a capital case and that Fatir previously had the benefit of appellate and postconviction review with the assistance of counsel who had the trial transcripts.

(3) On November 3, 2022, Fatir filed this appeal from the Superior Court's order denying his motion for transcripts. The Senior Court Clerk issued a notice directing Fatir to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Fatir primarily argues the substantive merits of his motion for transcripts, but does contend that the Superior Court's order is final

---

[2] *Hooks v. State*, 416 A.2d 189 (Del. 1980).

[3] *See, e.g., Fatir v. State*, 2018 WL 6844723, at *1 (Del. Dec. 28, 2018) (affirming the Superior Court's denial of Fatir's motion for correction of illegal sentence); *Fatir v. State*, 2015 WL 914184, at *1 (Del. Mar. 2, 2015) (affirming the Superior Court's summary dismissal of Fatir's fifth motion for postconviction relief); *In re Fatir*, 2007 WL 2713263, at *1 (Del. Sept. 19, 2007) (dismissing Fatir's petition for a writ of certioari).

because he has exhausted all means of obtaining the transcripts. In the alternative, he asks this Court to treat this appeal as a petition for a writ of mandamus.

(4) Under the Delaware Constitution, the Court may review only a final judgment in a criminal case.[4] The Superior Court's denial of the motion for transcripts is an interlocutory, not final, order.[5] As this Court has previously noted, a criminal defendant who unsuccessfully moves for transcripts to prepare a postconviction motion may raise the denial of the motion for transcripts in an appeal of the trial court's final judgment on the motion for postconviction relief.[6] At this point in time, the Court lacks jurisdiction to consider Fatir's interlocutory appeal and declines to treat the appeal as a petition for a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] Del. Const. art. IV, § 11(1)(b).

[5] *Powell v. State*, 2020 WL 1320920, at *1 (Del. Mar. 19, 2020) (finding an order denying a criminal defendant's motion for transcripts was interlocutory); *Christopher v. State*, 2009 WL 2841191, at *1 (Del. Sept. 4, 2009) (same).

[6] *Powell*, 2020 WL 1320920, at *1 ("To the extent that Powell seeks transcripts in connection with his pending motion for postconviction relief, his pending motion to dismiss, or a future filing of a Rule 35(a) motion, if Powell is unsuccessful on the merits of any such motion, he may then appeal to this Court for a review of that final judgment as well as any interlocutory ruling relating to the denial of a request for transcript at State expense.").