IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW JONES, | § | |
| | § | |
| Defendant Below, | § | No. 44, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 2210002148 (S) |
| | § | |
| Appellee. | § | |

Submitted: March 9, 2023
Decided: March 17, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

(1)     Criminal charges are pending in the Family Court against the appellant, Matthew Jones.  In December 2022, Jones filed a motion to dismiss in the Family Court.  A Family Court Commissioner denied the motion on January 4, 2023.  Jones then filed an appeal in the Superior Court.  On January 27, 2023, the Superior Court dismissed the appeal, holding that the Superior Court is not authorized to hear appeals from an order of a Family Court Commissioner denying a motion to dismiss.

(2)     Jones has appealed to this Court.  On March 9, 2023, he filed a letter stating that, rather than filing an opening brief, he would refer the Court to the motion to dismiss that he filed in the Family Court in December 2022.  After careful

consideration, the appeal is dismissed, *sua sponte*, under Supreme Court Rule 29(c).[1]

"This is a court of limited jurisdiction under the Delaware constitution."[2] The Court does not have jurisdiction—even permissive jurisdiction—to entertain any interlocutory appeal in a criminal case.[3] The criminal charges against Jones remain pending in the Family Court, and this criminal matter is therefore interlocutory. Jones's improper filing of an appeal to the Superior Court from an order of a Family Court Commissioner does not confer jurisdiction on this Court in a criminal matter that is not final in the trial court.[4]

---

[1] *See* DEL. SUPR. CT. R. 29(c) (permitting *sua sponte* dismissal, without notice, of an appeal that "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose").

[2] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).

[3] *Id.* at 401.

[4] *See* 10 *Del. C.* § 915(d) (providing that a Family Court Commissioner's order may be appealed to a Family Court judge); *id.* § 1051(b) (providing that appeals from the Family Court in criminal proceedings are to the Superior Court in the first instance and that there is a further right of appeal to the Supreme Court "from an affirmance by the Superior Court of the order of the Court which was appealed, or from the entry of a judgment of conviction by the Superior Court upon a trial de novo on appeal to that Court"); *Jackson v. Jackson*, 2003 WL 22866415 (Del. Nov. 25, 2003) ("Jackson's appeal to this Court, at this juncture, must be dismissed for lack of jurisdiction. An appeal in any Family Court criminal proceeding must be filed in the first instance with the Superior Court. In the event the Superior Court affirms the decision of the Family Court or enters a judgment of conviction upon a trial de novo, there is a further right of appeal to this Court." (citation omitted)); *cf. also Hickey v. State*, 474 A.2d 118, 119 (Del. 1984) (dismissing appeal from a decision of the Superior Court ordering that another preliminary hearing be held in Family Court to determine if the defendant was to be bound over for trial in Superior Court, and stating: "Since the case is now a criminal cause, the appellate jurisdiction of this Court is governed by article IV, section 11(1)(b) of the Delaware Constitution; only a final judgment of conviction, resulting in a sentence of death, imprisonment for more than one month, or a fine greater than $100 is appealable. . . . There being no final judgment in the case at this point that meets the jurisdictional requirements of article IV, section 11(1)(b), the Court concludes that the appeal must be dismissed for lack of subject matter jurisdiction.").

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.  The

motion to proceed *in forma pauperis* is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice