Philip A. CHRISTOPHER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 11, 2007.

Supreme Court of Delaware.

Submitted: June 27, 2007.
Decided: July 19, 2007.

---

**16.** *Duphily v. Delaware Elec. Coop., Inc.,* 662 A.2d 821, 830 (Del.1995).

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Gregory E. Smith, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice.

The defendant-appellant, Philip A. Christopher ("Christopher"), appeals from his judgments of conviction in the Superior Court for Assault First Degree and Possession of a Deadly Weapon During the Commission of a Felony. Christopher has raised one issue in this direct appeal. Christopher argues that the Superior Court violated his Sixth Amendment right to self–representation.[1] We have concluded that argument is without merit. Accordingly, the judgments of the Superior Court must be affirmed.

### Facts

On March 14, 2006, Christopher, Ed Davis, and Paul Brown were drinking at their New Castle residence. Davis verbally abused Christopher to the point that Christopher decided to pack up and move out. As he packed his truck, Davis took Christopher's guitar and hid it in a bedroom. Christopher then found Davis in the bedroom and struck him in the head with a pipe. After Brown eventually grabbed the pipe away from Christopher, Christopher struck Davis with the guitar. Davis underwent two craniotomies as a result of the incident. Christopher was indicted on one count of Assault First Degree and one count of Possession of a Deadly Weapon During the Commission of a Felony.

### Self–Representation Colloquy Inadequate

■ After the prosecution finished the direct examination of its first witness, Paul Brown, and before cross-examination, defense counsel requested that the jury be excused. After the jury was excused, defense counsel addressed the trial judge, as follows:

> When I cross-examine this witness, your Honor, I want to nip this in the bud before it gets any further. Mr. Christopher is writing down to me or indicating that he wishes to cross-examine this witness. And I've been trying to tell him that you are not co-counsel. I am the attorney. I will represent him. I don't know how Mr. Christopher wants to proceed at this point, if he chooses to represent himself or wants me to represent him. I told him we are not co-counsel.

---

1. Christopher's opening brief asserts in a summary fashion that his rights under the Delaware Constitution were also violated. Conclusory assertions that the Delaware Constitution has been violated are considered to be waived on appeal. *Ortiz v. State*, 869 A.2d 285, 291 n. 4 (Del.2005). Accordingly, this opinion only addresses Christopher's argument based upon the Sixth Amendment of the United States Constitution.

I am the attorney. I would represent him. If he wishes to represent himself, he is free to do that and I would allow the [c]ourt to inquire about whether or not he wants to do that.

After a brief discussion regarding the cause for Christopher's concerns, the following colloquy ensued:

The [trial judge]: Mr. Christopher, it's your choice. If you want to reject [defense counsel's] services, I will then have to ask you some questions to see whether you are competent to represent yourself. And if I think you are, I'll let you ask the questions.

Defendant: One question. Approximately how many hours [sic] you think you put into my case?

The [trial judge]: Mr. Christopher, it has nothing to do with it. Now, the question I have for you is do you want to represent yourself?

Defendant: This is my life, your honor. We're talking about my life here.

The [trial judge]: I understand that, but I have a simple question.

Defendant: I've got to ask my own questions, I believe. I think I need to dismiss [defense counsel].

The [trial judge]: Okay. Well, how much schooling do you have?

Defendant: I've got a GED, but I finished 11th grade in high school.

The [trial judge]: Okay. And your age is?

Defendant: 48 years old. I was self-employed and owned my own business for most of my life.

The [trial judge]: Okay. What sort of business was it?

Defendant: It was a construction business, and then I was superintendent for a construction company.

The [trial judge]: Okay. Have you ever been involved in a criminal case before?

Defendant: Not really, no.

The [trial judge]: Okay. So you've never been through a trial and have an idea of just where it's going?

Defendant: I've got no idea. I've never seen none of this before. But I just know there's [sic] previous items that happened, not this night, that led up to this incident.

The [trial judge]: I don't think it's in your interest to represent yourself. You're just going to get yourself into bigger trouble and make damaging admissions that are going to put a few more nails in. Your request is denied, and [defense counsel] will represent you.

Defendant: All right, your Honor.

Christopher contends that the Superior Court violated his right to self-representation as guaranteed by the Sixth Amendment to the United States Constitutions.[2] This Court recently addressed the issue of a defendant's pretrial waiver of his Sixth Amendment right to counsel and election of self-representation in *Hartman v. State*.[3] In *Hartman,* we held that "before allowing a criminal defendant to proceed *pro se,* the court must '1) determine that the defendant has made a knowing and voluntary waiver of his constitutional right to counsel; and 2) inform the defendant of the risks inherent in going forward in a criminal trial without the assistance of legal counsel.' "[4]

 Moreover, the right to proceed *pro se* must be made in a timely fashion.

---

**2.** *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *Hartman v. State,* 918 A.2d 1138, 1140 (Del.2007).

**3.** *Hartman v. State,* 918 A.2d 1138 (Del.2007). *See Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (the right of self-representation entails a waiver of the right to counsel).

**4.** *Hartman v. State,* 918 A.2d at 1140–41.

Once a trial has begun, "the right of self-representation may be curtailed, and the trial judge considering the motion must weigh the legitimate interests of the defendant against the prejudice that may result from the potential disruption of proceedings already in progress."[5] The record reflects that jury selection, opening statements by counsel, and the direct examination of the first prosecution witness had all occurred before Christopher first raised the idea of self-representation.

■ The State's interest in "ensuring integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer."[6] When performing this balancing test, the trial judge need not expressly mention the timeliness of the request to proceed *pro se* so long as the "record reflect[s] clear findings and logical reasoning underlying the ruling denying the request."[7] Nevertheless, the record in this case does not reflect either the factual findings or the legal reasoning underlying the trial judge's denial of Christopher's mid-trial request to represent himself.

The trial judge asked a series of questions relating to Christopher's education, work experience and familiarity with the trial process. The trial judge then denied the request to proceed *pro se* because he found that it was not in Christopher's interest to represent himself. Significantly, the trial judge did not address the validity of Christopher's waiver of his right to counsel.[8] Moreover, unlike *Zuppo*, the trial judge in this case did not determine that the potential mid-trial disruption of the proceedings outweighed Christopher's right to proceed without an attorney.

The record reflects that the trial judge only explained he was asking Christopher questions to determine if he was "competent to represent [himself]." This was an erroneous legal focus, as reflected by our recent analysis in *Hartman*. Given Christopher's mid-trial request to proceed *pro se*, the proper inquiry was two-fold: first, was there a valid waiver of the right to counsel,[9] and second, if the waiver was valid, whether the prejudice resulting from the potential disruption of the proceedings during trial outweighed Christopher's interests in proceeding *pro se*.[10]

### Self–Representation Request Withdrawn

■ The State argues that Christopher's assertion of his Sixth Amendment right to self-representation was waived by his subsequent actions.[11] As this Court explained in *Walker*, "[w]aiver may be established by a defendant's failure to reassert the request, if it would not be futile to do so."[12] While mere acquiescence to a trial judge's denial of a proper invocation of the right to self-representation is insufficient to constitute a waiver, a subsequent assertion, on the record, that the defendant has reconciled his differences with defense counsel constitutes a waiver.[13] For example, in *Brown v. Wainwright*,[14] the

---

5. *Zuppo v. State*, 807 A.2d 545, 547–48 (Del. 2002).

6. *Id.* at 548.

7. *Id. See United States v. Stevens*, 83 F.3d 60, 66–67 (2d Cir.1996).

8. *Hartman v. State*, 918 A.2d 1138 (Del.2007).

9. *Id.*

10. *Zuppo v. State*, 807 A.2d 545, 547–48 (Del. 2002).

11. *Walker v. State*, 919 A.2d 562 (Del. Supr.2007) (TABLE). *See also Buhl v. Cooksey*, 233 F.3d 783, 802 n. 20 (3d Cir.2000).

12. *Walker v. State*, 919 A.2d 562 (Del. Supr.2007) (TABLE).

13. *Id.*

14. *Brown v. Wainwright*, 665 F.2d 607, 611

Fifth Circuit Court of Appeals found that defense counsel's representation that he and the defendant "had worked out" their differences supported a finding of waiver.[15]

The record reflects that, at the conclusion of the State's case in chief, the following colloquy occurred between the trial judge, defense counsel and Christopher:

> Defense Counsel: Also, I think we should put on the record I know how we started off with Mr. Christopher here where he was trying to fire me. But I think we could put on the record here right now that he's satisfied with my representation up to this point, and we've passed that, just for the record purposes.
>
> The Court: I understand why you do that. It's wise to bring it out at an early stage of the case....
>
> Defendant: I just want to say I'm satisfied. I was just scared. I mean, we're talking about my life here, and I was scared.
>
> Defense Counsel: So I think you're satisfied with my representation.
>
> Defendant: Absolutely, absolutely.

Thus, notwithstanding the problems with the colloquy and legal analysis in the initial ruling on the issue of *pro se* representation, the record reflects that Christopher revoked and waived his request to represent himself, when he subsequently told the trial judge that he was absolutely satisfied with defense counsel's representation.[16]

(5th Cir.1982).

15. *Id.; see also Cain v. Peters,* 972 F.2d 748, 750 (7th Cir.1992); *Buhl v. Cooksey,* 233 F.3d 783, 802 n. 20 (3d Cir.2000).

16. *See Drake v. State,* 2007 WL 1626635 (Del. 2007) ("When Drake concurred that he was

***Conclusion***

The judgments of the Superior Court are affirmed.

'okay with this' [being represented by counsel], he clearly revoked his request to represent himself."). Accord *Walker v. State,* 919 A.2d 562 (Del.Supr.2007) (TABLE); *Brown v. Wainwright,* 665 F.2d 607, 611 (5th Cir.1982); *United States v. Bennett,* 539 F.2d 45 (10th Cir.1976); *United States v. Montgomery,* 529 F.2d 1404 (10th Cir.1976).