Maurice WILLIAMS, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 35, 2012D.

Supreme Court of Delaware.

Submitted: Sept. 26, 2012.
Decided: Dec. 10, 2012.

Ralph D. Wilkinson, IV, Esquire, of the Office of the Public Defender, Wilmington, Delaware for Appellant.

Timothy J. Donovan, Jr. Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

RIDGELY, Justice:

Defendant–Below/Appellant, Maurice Williams ("Williams"), appeals his Superior Court conviction for Escape After Conviction.

Williams raises two claims on appeal. Williams contends the trial judge abused her discretion when 1) she refused to allow him to proceed *pro se* during his trial and 2) she denied his request for the jury to consider a defense of justification. Because Williams' request to represent himself was denied without a colloquy and the required legal analysis, we are compelled to reverse.[1]

### Facts and Procedural History

On November 4, 2010, Williams was serving a Level IV sentence for Robbery at the Plummer Center in Wilmington, DE. That morning, he requested a medical pass to leave the premises. He did not return as scheduled and was placed on escape status. The Department of Correction's Escape Recovery Team immediately opened an investigation. Eight days later, Williams was apprehended in Elkton, Maryland.

Williams was tried before a jury on the charge of Escape After Conviction, 11 *Del. C.* § 1253. Prior to trial, Williams indicated he wished to offer a "choice of evils" defense under 11 *Del. C.* § 463. The State moved to preclude Williams from arguing the defense. The trial judge asked whether Williams had made a pretrial offer of proof. Williams had not. Williams planned on presenting the defense solely through his own testimony. Williams stated that the basis of his defense was that he feared his daughter was going to commit suicide.

---

1. Because we reverse on this ground, it is unnecessary to address Williams' remaining claim.

The trial judge did not immediately rule on Williams' request. The trial proceeded. After opening statements and the State's presentation of three of its four witnesses, there was a lunch recess. After the lunch recess, the trial judge ruled that Williams could not use his justification defense. The trial judge warned Williams not to mention during his testimony his reasons for leaving the Plummer Center.

Defense counsel and the trial judge then engaged in the following colloquy:

> Defense Counsel: Your Honor, he's asking for new counsel.
> The Court: Well, he's not getting it. We're in trial today. He's been down this route before. This is going forward. We're going to finish this trial, and that's the end of it. You've played this game before, Mr. Williams. You're not playing it again. And I don't want to discuss it with you, either.

Next, defense counsel informed the trial judge that Williams wanted to represent himself. Instead of engaging in any further colloquy with Williams or his counsel, the trial judge answered:

> The Court: He's not allowed to. We're moving forward. You've already started with counsel. You finish with counsel. You don't get to change your mind in the middle of the trial. I understand

what he's trying to accomplish, and it's not going to happen.

The trial resumed and the State presented its last witness. During the defense's case, Williams testified on his own behalf. Williams followed the court's instruction to not mention the reasons he left the Plummer Center. The jury found Williams guilty as charged. This appeal followed.

### Analysis

■■■ The United States Constitution and the Delaware Constitution both provide a right to self-representation in a criminal proceeding.[2] A denial of the constitutional right to self-representation is not subject to a harmless error analysis.[3] We review issues of a constitutional dimension de novo.[4]

■■■ The right for a criminal defendant to proceed *pro se* is not absolute.[5] When a trial judge considers a motion to proceed *pro se*, he or she must take certain steps. Before accepting or rejecting a defendant's motion to proceed *pro se*, the trial judge must determine (1) "if the defendant has made a knowing and intelligent waiver of right to counsel" and (2) "inform the defendant of the risks inherent in going forward without the assistance of legal counsel."[6] "After a trial has begun, the right of self-representation may be

---

**2.** U.S. Const. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense."); Del. Const. art. 1, § 7 ("In all criminal prosecutions, the accused hath a right to be heard by himself and his or her counsel....").

**3.** *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to

'harmless error' analysis. The right is either respected or denied, its deprivation cannot be harmless.")

**4.** *Hartman v. State*, 918 A.2d 1138, 1140 (Del. 2007); *Zuppo v. State*, 807 A.2d 545, 547 (Del.2002); *Stigars v. State*, 674 A.2d 477, 479 (Del.1996).

**5.** *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. 2525 (1975); *Zuppo*, 807 A.2d at 547 (*citing Payne v. State*, 367 A.2d 1010, 1015–1017 (Del. 1976)).

**6.** *Zuppo*, 807 A.2d at 547. *See also Smith v. State*, 996 A.2d 786, 790 (Del.2010).

curtailed, and the trial judge considering the motion must weigh the legitimate interests of the defendant against the prejudice that may result from the potential disruption of the proceedings already in progress." [7]

In *Christopher v. State*, a trial judge's denial of a defendant's mid-trial request to proceed *pro se* was at issue.[8] The request was made after the prosecution had called one witness. In that case, before denying the defendant's motion, the trial judge asked the defendant the following questions: Do you want to represent yourself? How much schooling do you have? What is your age? What sort of business do you work in? Have you ever been involved in a criminal case before? [9]

On appeal, this Court found that the trial judge in *Christopher* engaged in an insufficient colloquy. Though recognizing that the right to self-representation may be curtailed once a trial has commenced, we held that a trial judge *must* develop a record that makes clear "either the factual findings or the legal reasoning underlying the trial judge's denial of [the defendant's] mid-trial request." [10] Because the defendant in *Christopher* later expressly waived his request to represent himself, we affirmed the judgment of conviction based on that waiver.[11] In doing so, we explained that: "mere acquiescence to a trial judge's denial of a proper invocation of the right to self-representation is insufficient to constitute a waiver." [12]

 The record in this case provides no basis for us to find a waiver of the right to self-representation. There was no colloquy at all with Williams. Instead, the trial judge responded to Williams' request by telling him flatly that he would not be allowed to represent himself because he started with counsel and he would finish with counsel. Starting a trial with counsel, without more, is not a basis to deny a defendant's right to self-representation.

 We reiterate that while the right to proceed *pro se* may be curtailed after a trial begins, "the trial judge considering the motion must weigh the legitimate interests of the defendant against the prejudice that may result from the potential disruption of the proceedings already in progress." [13] And, the record must "reflect either the factual findings or the legal reasoning underlying the trial judge's denial of [a defendant's] mid-trial request to represent himself." [14]

### Conclusion

 The right of self-representation in a criminal proceeding is structural.[15] Because the trial judge in this case denied Williams' request to represent himself without a colloquy with Williams and the required legal analysis, the judgment of conviction must be **REVERSED.**

7. *Id.* at 547–48 (*citing United States v. Stevens*, 83 F.3d 60, 66–67 (2d Cir.1996)). *See also Martinez v. Court of Appeal of California*, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).

8. *Christopher v. State*, 930 A.2d 894, 896 (Del. 2007)

9. *Id.*

10. *Id.* at 897.

11. *Id.* at 898.

12. *Id.* at 897.

13. *Zuppo v. State*, 807 A.2d at 548 (citing *United States v. Stevens*, 83 F.3d 60, 66–67 (2nd Cir.1996)).

14. .*Christopher*, 930 A.2d at 897.

15. *Hartman v. State*, 918 A.2d 1138, 1144 (Del.2007) (citing *United States v. Peppers*, 302 F.3d 120, 127 (3rd Cir.2002)).