IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAURICE J. WILLIAMS, | § | |
| | § | No. 286, 2014 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | C.A. No. N14M-05-052 |
| Appellee. | § | |

Submitted: August 6, 2014
Decided: October 7, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

**O R D E R**

This 7th day of October 2014, having considered the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Maurice J. Williams, filed this appeal from the Superior Court's order dated May 16, 2014, denying his petition for a writ of habeas corpus. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, in April 1999, William pled guilty to Burglary in the Second Degree and Robbery in the Second Degree.[1]  On June 11, 1999, the Superior Court sentenced Williams to a mandatory eight years at Level V for the burglary conviction, to be followed by five years at Level V, four years mandatory plus one year at Level IV, for the robbery conviction.[2]

(3)    By order dated January 28, 2010, the Superior Court modified the five-year sentence imposed for the robbery conviction.  Instead of four years mandatory at Level V plus one year at Level IV, Williams was ordered to serve what remained of the five-year sentence at Level IV (hereinafter "2010 modified sentence order").[3]  In 2012, we affirmed the Superior Court's denial of Williams' motion for correction of the 2010 modified sentence order.[4]

(4)    In November 2010, Williams was arrested for Escape after Conviction (hereinafter "EAC") after he left the Level IV Plummer Center on a pass and did not return.[5]  Williams was also charged with violation of probation ("VOP").[6]  In

---

[1] *See* docket at 10, *State v. Williams*, Del. Super., Cr. ID No. 9901005150 (April 14, 1999) (referencing guilty plea proceeding).

[2] *Id.  See* docket at 12 (June 11, 1999) (sentencing).

[3] *Id.  See* docket at 19 (Jan. 28, 2010) (modifying sentence).

[4] *Williams v. State*, 2012 WL 4663065 (Del. Oct. 2, 2012).

[5] *See* docket at 1, *State v. Williams*, Del. Super., Cr. ID No. 1011002501 (Nov. 24, 2010) (referencing when case accepted in Superior Court).

[6] *See* docket at 25, *State v. Williams*, Del. Super., Cr. ID No. 9901005150 (Nov. 18, 2010) (referencing administrative warrant).

December 2010, Williams was adjudged guilty of VOP, but his sentencing was deferred until the conclusion of the proceedings on the EAC charge.[7]

(5) In June 2011, a Superior Court jury convicted Williams of EAC.[8] On January 13, 2012, the Superior Court declared Williams a habitual offender and sentenced him to eight years at Level V.[9] For the VOP conviction, Williams was sentenced to two years at Level V.[10]

(6) On appeal from his VOP conviction and sentence, Williams argued that the conviction was invalid because it was premised on the 2010 modified sentence order, which Williams continued to claim was illegal. According to Williams, but for the 2010 modified sentence order, he would have been released from custody on November 4, 2010, and therefore never charged with a VOP. By order dated July 16, 2012, we affirmed the VOP conviction, ruling that the 2010 modified sentence order was not illegal, and that Williams could not challenge the VOP conviction "merely on grounds that he should not have been on probation in the first place."[11]

---

[7] *Id. See* docket at 28 (Dec. 29, 2010) (referencing VOP hearing, adjudication, and deferral of sentencing).

[8] *See* docket at 24, *State v. Williams*, Del. Super., Cr. ID No. 1011002501 (June 23, 2011) (referencing jury trial and conviction).

[9] *Id. See* docket at 27 (Jan. 13, 2012) (sentencing).

[10] *See* docket at 42, *State v. Williams*, Del. Super., Cr. ID No. 9901005150 (Jan. 13, 2012) (sentencing).

[11] *Williams v. State*, 2012 WL 2914041, at *3 (Del. July 16, 2012).

(7)     In December 2012, on Williams' direct appeal from his EAC conviction and sentence, we reversed the judgment of conviction for the Superior Court's failure to conduct a colloquy with Williams on his request to represent himself at trial.[12]  Thereafter, in 2013, Williams was retried and convicted of EAC, and was sentenced, as a habitual offender, to eight years at Level V.  On direct appeal, we affirmed the Superior Court judgment.[13]

(8)     It is against this backdrop that Williams filed a petition for a writ of habeas corpus on May 15, 2014, claiming that he was being illegally detained.  By order dated May 16, 2014, the Superior Court summarily denied the petition after finding that Williams was being legally held on the two-year sentence imposed in 2012 for VOP and the eight-year sentence imposed in 2013 for EAC.

(9)     On appeal from the Superior Court's order, Williams attempts to argue that his detention is illegal because the 2010 modified sentence order was illegal.  His argument, however, is barred under the "law of the case doctrine," which provides that, in the absence of any evidence of clear error or important

---

[12]  *Williams v. State*, 56 A.3d 1053 (Del. 2012).

[13]  *Williams v. State*, 2014 WL 708445 (Del. Feb. 19, 2014).

change of circumstances, the Court's prior rejection of Williams' illegal sentence argument is the "law of the case."[14]

(10)   Williams has not demonstrated, and the record does not reflect, that he is entitled to habeas corpus relief.  Williams is presently detained under a valid sentence order that is plain on its face.[15]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[14] *See, e.g., Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998) ("The prior decisions by this Court on any adjudicated issue involving Brittingham's claims become the law of the case in all subsequent stages of his continuing criminal proceedings.").

[15] *See* 10 Del. C. § 6902(1) (providing that a writ of habeas corpus is not available to "[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment").  *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997) (citing *In re Pitt*, 541 A.2d 554, 557 (Del. 1988)); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).