# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 92006336DI |
| | ) | |
| ANDRE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  May 11, 2016

Date Decided:  August 11, 2016

## MEMORANDUM OPINION

*Upon Defendant's Motion for Postconviction Relief*
**DENIED**

Christopher S. Koyste, Esquire, Law Office of Christopher Koyste, LLC, Wilmington, DE, Attorney for Defendant.

Elizabeth R. McFarlan, Esquire, Chief of Appeals, Department of Justice, Wilmington, DE, Attorney for the State of Delaware.

**ROCANELLI, J.**

## I. PROCEDURAL BACKGROUND

On July 2, 1992, Defendant Andre Johnson ("Defendant") was arrested and charged with two counts of Burglary Second Degree, Conspiracy Second Degree, Carrying a Concealed Deadly Weapon, Theft of a Firearm, and other related offenses. On January 29, 1993, counsel was appointed for Defendant ("Original Trial Counsel").

On March 23, 1993, Defendant filed a motion to dismiss his indictment ("Defendant's Motion to Dismiss").[1] Defendant's Motion to Dismiss was partially based on a claim of prosecutorial immunity. Defendant's Motion to Dismiss also sought to suppress two photo lineups from which witnesses identified Defendant as driving away from recently burglarized residences.

On October 14, 1993, Defendant filed a motion to proceed as a self-represented litigant ("Defendant's First SRL Motion"). On October 15, 1993, Original Trial Counsel was permitted to withdraw due to a conflict of interest. By Letter dated October 25, 1993, the Court notified Defendant that an evidentiary hearing on Defendant's First SRL Motion would be scheduled within a few weeks. Defendant's First SRL Motion was denied pending the evidentiary hearing.

On November 1, 1993, Defendant was appointed new counsel ("Trial Counsel"). By Letter dated November 1, 1993, the Court notified Trial Counsel

---

[1] Defendant's Motion to Dismiss was filed by Original Trial Counsel.

1

that Defendant's self-representation would be determined after a pre-trial evidentiary hearing.

On November 3, 1993, Defendant appealed the October 25, 1993 denial of Defendant's First SRL Motion to the Delaware Supreme Court.[2] By Letter dated November 10, 1993, the Court notified Defendant that no action would be taken in connection with his request for self-representation until Defendant's appeal was resolved.[3] By Order dated December 22, 1993, the Delaware Supreme Court dismissed Defendant's appeal as interlocutory.[4]

On February 4, 1994, the Court conducted an evidentiary hearing regarding Defendant's Motion to Dismiss and Defendant's First SRL Motion ("February 1994 Hearing"). Because the prosecution was unavailable due to medical issues, the Court only considered whether Defendant could proceed with self-representation. The Court conducted a colloquy with Defendant. The Court found that Defendant had not knowingly or intelligently waived his right to counsel, and was unable to competently represent himself at subsequent pre-trial evidentiary hearings. The Court informed Defendant that the issue of self-representation could

---

[2] Defendant filed the appeal as a self-represented litigant.

[3] The November 10, 1993 Letter was sent after Defendant filed three additional motions for evidentiary hearings and self-representation. All three motions were subsequent to the Court's October 25, 1993 Letter denying Defendant's First SLR Motion. The motions were filed by Defendant as a self-represented litigant.

[4] *Johnson v. State*, 637 A.2d 827 (Del. 1993) (ORDER).

be revisited if the case went to trial. The February 1994 Hearing was continued until March 11, 1994.

On March 11, 1994, the Court resumed the evidentiary hearing on Defendant's Motion to Dismiss ("March 1994 Hearing"). During the March 1994 Hearing, the Court addressed Defendant's continuing application to proceed as a self-represented litigant. Defendant was not permitted to represent himself during the March 1994 Hearing. Defendant withdrew his request to proceed as a self-represented litigant. The March 1994 Hearing was continued until May 6, 1994.

On March 24, 1994, Defendant filed a second motion to proceed as a self-represented litigant ("Defendant's Second SRL Motion"). By letter dated April 5, 1994, the Court denied Defendant's Second SRL Motion.

On May 6, 1994, the Court resumed the evidentiary hearing on Defendant's Motion to Dismiss ("May 1994 Hearing"). During the May 1994 Hearing, Defendant raised his continuing application to proceed as a self-represented litigant. The Court conducted another colloquy with Defendant. Defendant eventually agreed to proceed with Trial Counsel as his representative. At the conclusion of the May 1994 Hearing, the Court granted the State's motion to preclude Defendant's claim of prosecutorial immunity.

On May 9, 1994, the Court conducted a suppression hearing, after which the Court denied Defendant's request to exclude the two photo lineups. The case proceeded to trial the same day.[5]

On May 12, 1994, a jury returned verdicts of Guilty for two counts of Burglary Second Degree, two counts of Conspiracy Second Degree, two counts of Misdemeanor Theft, Theft of a Firearm, Disregarding a Traffic Device, Resisting Arrest, and Carrying a Concealed Deadly Weapon. On May 19, 1994, the State moved to have Defendant declared an habitual offender pursuant to 11 *Del. C.* § 4214. By Order dated July 1, 1994, the Court granted the State's habitual offender motion and sentenced Defendant to a mandatory life sentence.[6]

On July 25, 1994, Defendant appealed his conviction to the Delaware Supreme Court. On May 9, 1995, Defendant voluntarily dismissed the appeal.

On August 12, 2013, Defendant filed his first motion for postconviction relief as a self-represented litigant. By Order dated March 12, 2014, this Court appointed counsel for Defendant's motion for postconviction relief ("Rule 61 Counsel"). On December 15, 2015, Rule 61 Counsel filed an amended motion for postconviction relief ("Defendant's PCR Motion"), arguing that (1) Defendant was denied the right to self-representation under the Sixth Amendment of the

---

[5] The record reflects that Defendant was offered a plea that would have resolved all charges against him if Defendant agreed to 20 years of incarceration. Defendant considered and rejected the plea offer against Trial Counsel's advice.

[6] 11 *Del. C.* § 4214(b).

United States Constitution and Article 1, § 7 of the Delaware Constitution; and (2) Defendant was provided ineffective assistance of counsel. The State opposes Defendant's PCR Motion.

## II.    CONSIDERATION OF PROCEDURAL BARS

Defendant filed his original motion for postconviction relief on August 12, 2013. Accordingly, the May 2013 version of Superior Court Criminal Rule 61 ("Rule 61") governs Defendant's PCR Motion. [7] Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[8] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[9]

Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction. Defendant voluntarily dismissed the appeal of his conviction to the Delaware Supreme Court on May 9, 1995. Defendant filed his original motion for postconviction relief on August 12, 2013. Accordingly, Defendant's PCR Motion fails to meet the one year time limitation, and is procedurally barred unless an exception applies.

---

[7] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant filed his original postconviction motion).
[8] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

Pursuant to Rule 61(i)(5), the procedural bars to postconviction relief do not apply to "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." The fundamental fairness exception is a narrow one. [10] The movant must demonstrate that he has been deprived of a substantial constitutional right. [11]

Defendant asserts that he was deprived the constitutional right of self-representation and effective assistance of counsel. Although not every allegation of a constitutional dimension requires relief from Rule 61's procedural bars, [12] Defendant's contentions warrant consideration on their merits.

## III. DEFENDANT'S RIGHT TO SELF-REPRESENTATION WAS NOT VIOLATED

The right to self-representation is protected by the Sixth Amendment of the United States Constitution and Article 1, § 7 of the Delaware Constitution. [13] Before permitting a defendant to proceed as his own representative, the court must (1) determine that the defendant has made a knowing and voluntary waiver of his constitutional right to counsel; and (2) inform the defendant of the risks inherent in

---

[10] *Id.* at 555.
[11] *Id.*
[12] *See Webster v. State*, 604 A.2d 1364, 1366 (Del. 1992).
[13] *See Faretta v. California*, 422 U.S. 806, 816-19 (1975); *Hartman v. State*, 918 A.2d 1138, 1140 (Del. 2007) (*citing Hooks v. State*, 416 A.2d 189, 197 (Del. 1980)).

going forward in a criminal trial without the assistance of legal counsel.[14] Whether a defendant has knowingly and voluntarily waived the right to counsel is a factually specific inquiry.[15] The record must reflect that the court conducted a thorough inquiry to assure that defendant fully apprehends the perils and requirements of self-representation.[16]

Defendant asserts that he was denied the right to self-representation during the February 1994 Hearing because the Court erroneously refused to honor his requests to proceed as a self-represented litigant. Specifically, Defendant contends that Defendant intelligently and voluntarily waived his right to counsel after a sufficient appraisal of the inherent risks of self-representation. Therefore, Defendant argues that he should have been permitted to proceed as a self-represented litigant.[17]

Furthermore, Defendant argues that the Court improperly relied on Defendant's lack of legal knowledge,[18] and erred by informing Defendant that he

---

[14] *Faretta,* 422 U.S. at 835-36; *Christopher v. State*, 930 A.2d 894, 896 (Del. 2007) (*quoting Hartman*, 918 A.2d at 1140-41).

[15] *See Briscoe v. State*, 606 A.2d 103, 107-08 (Del. 1992).

[16] *Hartman*, 918 A.2d at 1142. In *Morrison v. State*, the Delaware Supreme Court articulated the requirements for a knowing and voluntary waiver of the right to counsel. 135 A.3d 69, 73-74 (Del. 2016) (*citing United States v. Welty*, 674 F.2d 185, 188-89 (3d Cir. 1982)). The Supreme Court held that the defendant should be advised of applicable rules of evidence and procedure, the potential disparate impact of self-representation, the nature of the charges against him, the range of permissible penalties, potential mitigating circumstances, and all other facts that are essential to a broad understanding of the matter at issue. *Id.*

[17] *See Faretta*, 422 U.S. at 835.

[18] *See Hartman*, 918 A.2d at 1143 (finding that the denial of self-representation on the basis of insufficient legal knowledge is error); *Stigars v. State*, 674 A.2d 477, 480 (Del. 1996) ("If a

7

would be barred from testifying on his own behalf at subsequent evidentiary hearings if Defendant proceeded as a self-represented litigant.[19] Defendant argues that his right to self-representation was irreversibly violated during the February 1994 Hearing because the Court improperly denied Defendant's request and forced him to proceed with appointed counsel in subsequent evidentiary hearings.[20]

## A. Defendant Waived His Right to Self-Representation by Voluntarily Revoking His Request During the March 1994 Hearing and May 1994 Hearing

A defendant may waive his right to self-representation after previously asserting it.[21] Once a defendant invokes his right to proceed as a self-represented litigant, any subsequent revocation of the request must be clearly shown on the

---

defendant has knowingly and voluntarily waived his right to counsel, the wisdom of his decision to represent himself is not an issue for the courts."). During the February 1994 Hearing, the Court told Defendant that "a lot of steps which you have taken . . . convinces me that you may not be familiar enough with what might be needed in order to conduct properly, for your benefit, the hearing on the question of immunity, if any immunity." *State v. Johnson*, No. 92006336, at 25 (Del. Super. Feb. 4, 1994) (TRANSCRIPT).

[19] The Court engaged defendant in the following colloquy during the February 1994 Hearing:

> The Court: It is very likely that if you did represent yourself that you would take the stand to testify. A lawyer who is a witness in a case is not allowed to remain as the lawyer in the case. In fact, what I would be allowing you to do is self-representation, which is what an attorney cannot do.

*State v. Johnson*, No. 92006336, at 25 (Del. Super. Feb. 4, 1994) (TRANSCRIPT).

[20] *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("In determining whether a defendant's *Faretta* rights have been respected, the primary focus must be on whether he had a fair chance to present his case in his own way"); *see also Buhl v. Cooksey*, 233 F.3d 783, 789 (3d Cir. 2000) ("The Sixth Amendment right of self-representation differs from other constitutional rights because it can not be exercised without the concomitant waiver of another fundamental right that is also guaranteed under the Sixth Amendment; the right to counsel.").

[21] *Christopher*, 930 A.2d at 897 (*citing Walker v. State*, 2007 WL 481957, at *2 (Del. Feb. 15, 2007)).

8

record.[22] While mere acquiescence to a trial judge's denial of a proper invocation of the right to self-representation is insufficient,[23] "a subsequent assertion, on the record, that the defendant has reconciled his differences with defense counsel constitutes a waiver."[24] A voluntary waiver of self-representation revokes a defendant's previous requests.[25]

At the March 1994 Hearing, Trial Counsel represented to the Court that Defendant "has now re-considered his position on representing himself and wants me to represent him as I have already been appointed to do."[26] Thereafter, the Court conducted the following colloquy:

> The Court: Mr. Johnson, first of all, do you believe that you have had enough time to talk to [Trial Counsel] about where we are procedurally with this case and the choice of still asking me to allow you to represent yourself or to have [Trial Counsel] to go on from here and represent you at trial? Have you had enough time to talk about all that?
> The Defendant: Yes, sir.
> The Court: Is it your desire now to withdraw your motion to proceed *pro se* and to act through [Trial Counsel] as your counsel pre-trial and at trial?
> The Defendant: Yes, sir.

---

[22] *Stigars*, 674 A.2d at 480-81.

[23] *Williams v. State*, 56 A.3d 1053, 1056 (Del. 2012) (*quoting Christopher*, 930 A.2d at 897).

[24] *Christopher*, 930 A.2d at 897 (*citing Walker*, 2007 WL 481957, at *2).

[25] *See Christopher*, 930 A.2d at 898 ("[N]otwithstanding the problems with the colloquy and legal analysis in the initial ruling on the issue of *pro se* representation, the record reflects that Christopher revoked and waived his request to represent himself, when he subsequently told the trial judge that he was absolutely satisfied with defense counsel's representation."); *Williams*, 56 A.3d at 1056 (recognizing that the *Christopher* Court affirmed the judgment of conviction despite an insufficient colloquy because the record demonstrated a subsequent waiver of self-representation).

[26] *State v. Johnson*, No. 92006336, at 99 (Del. Super. Mar. 11, 1994) (TRANSCRIPT).

The Court: Is that your choice or is anybody forcing that on you in any way?

The Defendant: No, sir. In light of the day's events, I just thought it might be best to let [Trial Counsel] handle that.

The Court: But it is your choice.

The Defendant: Yes, sir.

The Court: Is anybody forcing you in any way to make that choice?

The Defendant: No, sir.

The Court: You understand that it is probably true, as [Trial Counsel] just indicated, that if I allow you to withdraw your motion to proceed *pro se*, it is highly unlikely, very unlikely, that I will allow you to renew that motion and to go from that point and represent yourself. Do you understand that?

The Defendant: Yes, sir.

The Court: Part of the reason I am saying that is that we have been quite sometime in getting even to this stage, and it is now time, if we go on from this stage, to set a trial date. Do you understand that?

The Defendant: Yes, sir.

                 \*       \*       \*       \*

The Court: I think it's appropriate that [motion deadlines] be discussed in Mr. Johnson's presence so that if he has any matters he would like to raise which have to be raised through you, do you understand that Mr. Johnson?

The Defendant: Very clear, sir.

The Court: No more *pro se* stuff.

The Defendant: Understood.

The Court: I am allowing you to withdraw your motion to proceed *pro se*.[27]

At the May 1994 Hearing, Defendant suggested that he was acting as his own attorney. Thereafter, the Court conducted the following colloquy:

---

[27] *State v. Johnson*, No. 92006336, at 100-02, 113 (Del. Super. Mar. 11, 1994) (TRANSCRIPT).

The Court: But I'll tell you Mr. Johnson, quite frankly, the alternating position of whether you want [Trial Counsel] or any lawyer to represent you or . . . to be able to represent yourself is at an end, and there will be no further delays.[28]

\*       \*       \*       \*

The Defendant: You know, it's not necessarily a matter of me being determined to want to proceed *pro se*, it's just that I've grown very paranoid as a result of my involvement with the Department of Justice and one of my former attorneys, that I understand is being slated as a State witness, and I don't trust these public officials, and it's just – you know, I concur with what you said regarding [Trial Counsel] being competent . . . to represent me. It's just – just wrestling with that fact over again has gotten me a little confused.
The Court: What are you telling me?
The Defendant: I'm telling you that . . . we can proceed so we don't waste any more of the Court's time, we can proceed with [Trial Counsel]. It's just that, you know, it's just against my better judgment, in light of what has happened.
The Court: Well, you have a constitutional right to represent yourself. If I determine that you are exercising that right in a knowing and intelligent manner, I must respect it, quite clearly. All right?
The Defendant: Yes.
The Court: And the problem is that, as I said, the time for going back and forth between having a lawyer or not having a lawyer has ended . . . but we can't go on this way, to be honest with you, sir, because it's not fair to you, you're in jail, you're the one that suffers the most direct prejudice because of the delay here, and the problems with witnesses, and so forth and so on. Constitutionally, I am compelled to give primary weight to . . . whether you want to represent yourself or whether you want to have a lawyer represent you[.] [A]ll I'm saying to you is that you – if you do want [Trial Counsel] back now on the case, and that's your decision, I will respect it, but if you change your mind again

---

[28] *Id.* at 6-7.

about that, then you will have to understand that you have waived your right to counsel.
The Defendant: Okay.

* * * *

The Court: What is it you want to do now?
The Defendant: We can proceed with [Trial Counsel.]
The Court: You want him to represent you?
The Defendant: Yes.[29]

Defendant argues that the revocation of his request to proceed with self-representation during the March 1994 Hearing was ineffective because Defendant was not made aware of the dangers and disadvantages of self-representation. Furthermore, Defendant contends that even if Defendant's request to proceed with self-representation was granted at the May 1994 Hearing, the record indicates that Defendant would not have been afforded adequate time to prepare his defense or re-conduct evidentiary hearings. Accordingly, Defendant argues that the Court forced him to follow down a path laid by Trial Counsel with a defense that was not his own. Therefore, Defendant contends that the revocation of his request for self-representation was involuntary.

This Court disagrees and finds that Defendant withdrew his motion to proceed as a self-represented litigant. The record of Defendant's evidentiary hearings sufficiently demonstrates that Defendant knowingly elected to exercise his right to counsel after the Court explained that he maintained the right to self-

---

[29] *Id.* at 20-22.

12

representation at trial. Defendant acknowledged that Trial Counsel was competent, and unambiguously represented that he wished to proceed with Trial Counsel as his representative. The Court's cautioning of Defendant that subsequent requests for self-representation would likely be denied represents a permissible balancing of Defendant's interest in self-representation against the prejudice that would result if subsequent proceedings were continually delayed.[30]

Defendant's statements during the March 1994 Hearing and May 1994 Hearing constitute a voluntary revocation of Defendant's previous requests to proceed as a self-represented litigant.[31] Therefore, this Court finds that Defendant waived his constitutional right to self-representation.[32]

## B. The Denial of Defendant's Request for Self-Representation During the February 1994 Hearing Was Not Prejudicial in Light of Defendant's Subsequent Waiver

Even where a defendant makes a knowing and voluntary waiver of counsel, the right to self-representation is not unqualified.[33] Once proceedings have commenced, a trial judge may address self-representation by weighing the legitimate interests of the defendant against the prejudice that may result from

---

[30] *See Zuppo v. State*, 807 A.2d 545, 547 (Del. 2002) (*citing Buhl v. Cooksey*, 233 F.3d 783, 797 (3d Cir. 2000)) ("[T]he right to self-representation is not a license to disrupt the criminal calendar, or a trial in progress.").

[31] *See Christopher*, 930 A.2d at 897 (*citing Walker*, 2007 WL 481957, at *2); *Stigars*, 674 A.2d at 480-81.

[32] *See Christopher*, 930 A.2d at 897-98; *Williams*, 56 A.3d at 1056.

[33] *Stigars*, 674 A.2d at 479; *State v. Damiani-Melendez*, 2015 WL 9015051, at *7 (Del. Super. Nov. 25, 2015) (*citing Zuppo*, 807 A.2d at 547).

potential disruption of proceedings already in progress.[34] "The trial judge need not expressly mention the timeliness of the request to proceed *pro se* so long as the 'record reflect[s] clear findings and logical reasoning underlying the ruling denying the request.'"[35] "[T]he State's interest in 'ensuring integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'"[36]

A sufficiently thorough inquiry is required to satisfy the requirements for a knowing and voluntary waiver of the right to counsel.[37] However, Defendant's right to self-representation is not unqualified.[38] The Court's decision is supported by clear and logical findings that Defendant's inability to represent himself in connection with the immunity issue prevented Defendant from making a knowing and voluntary waiver of counsel.[39] The Court reached this determination after conducting a sufficiently comprehensive inquiry and expressing legitimate

---

[34] *Kostyshn v. State*, 2004 WL 220321, at *2 (Del. Jan. 30, 2004).

[35] *Christopher*, 930 A.2d at 897 (*quoting Zuppo*, 807 A.2d at 548).

[36] *Damiani-Melendez*, 2015 WL 9015051, at *7 (*quoting Zuppo*, 807 A.2d at 548).

[37] *See Hartman*, 918 A.2d at 1142. The Court examined the reasons for Defendant's decision to proceed as a self-represented litigant. *State v. Johnson*, No. 92006336, at 6-10 (Del. Super. Feb. 4, 1994) (TRANSCRIPT). Defendant was advised of the charges against him, including the permissible range of penalties. *Id.* at 19-20. The Court evaluated the Defendant's knowledge of the applicable rules of evidence and procedure. *Id.* at 17-18. Defendant was advised of the potential disparate impact of self-representation in connection with the immunity claim. *Id.* at 24-28. "A knowing and intelligent waiver can occur without reviewing each of [the relevant] factors in *haec verba*." *Morrison*, 135 A.3d at 75.

[38] *Stigars*, 674 A.2d at 479; *Damiani-Melendez*, 2015 WL 9015051, at *7 (*citing Zuppo*, 807 A.2d at 547).

[39] *See State v. Johnson*, No. 92006336, at 24-28 (Del. Super. Feb. 4, 1994) (TRANSCRIPT). *See Christopher*, 930 A.2d at 897 (*citing Zuppo*, 807 A.2d at 548). The record reflects that "the trial judge implicitly weighed the [relevant] competing interests with care." *Zuppo*, 807 A.2d at 548.

14

concerns on the record regarding Defendant's interests and the integrity of the criminal process.[40]

Accordingly, even if the denial of Defendant's request to proceed as a self-represented litigant in subsequent pre-trial evidentiary hearings was not proper, the record establishes that Defendant voluntarily revoked his requests for self-representation at subsequent evidentiary hearings.[41] Therefore, the denial of Defendant's request to proceed as a self-represented litigant during the February 1994 Hearing was not prejudicial in light of Defendant's subsequent waiver.

## IV.  DEFENDANT FAILS TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that Trial Counsel was ineffective because he failed to adequately protect Defendant's right to self-representation. The standard used to evaluate claims of ineffective counsel is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[42] as adopted in Delaware.[43]

---

[40] *Accord Williams*, 56 A.3d at 1056 (reversing defendant's conviction not because the trial judge denied his request for self-representation, but because the decision was made without a colloquy and the required legal analysis). *See Morrison*, 135 A.3d at 75; *Zuppo*, 807 A.2d at 547. *See also Walker*, 2007 WL 481957, at *2 n.6 (*citing Stigars*, 674 A.2d at 479) (recognizing that the determination of a knowing and voluntary request to proceed *pro se* is discretionary); *McKaskle*, 465 U.S. at 177 n.8 (recognizing that the trial judge may be required to make numerous rulings reconciling a *pro se* defendant's objection to participation of counsel, but nothing under the *Faretta* progeny suggests that such decisions should not receive typical deference).
[41] *See infra* Section III(A).
[42] 466 U.S. 668 (1984).
[43] *Albury v. State*, 551 A.2d 53 (Del. 1988).

Under *Strickland*, the movant must show that (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different.[44] Failure to prove either prong will render the claim insufficient.[45] Moreover, the Court shall dismiss entirely conclusory allegations of ineffective counsel.[46] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse affects actually suffered.[47]

With respect to the first prong—the performance prong—the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[48] To satisfy the performance prong, Defendant must assert specific allegations to establish that Trial Counsel acted unreasonably as viewed against "prevailing professional norms."[49] With respect to the second prong—the prejudice prong—cumulative error can satisfy the prejudice prong when it undermines confidence in the verdict.[50]

---

[44] *Strickland*, 466 U.S. at 687.
[45] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[46] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).
[47] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196.
[48] *Strickland*, 466 U.S. at 687–88.
[49] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").
[50] *See Starling v. State*, 130 A.3d 316, 336-37 (Del. 2015).

At the beginning of the February 1994 Hearing, the Court instructed Trial Counsel to interject if there were any issues with Defendant's colloquy. Once the colloquy was completed, the Court again asked Trial Counsel if he had anything to offer. Trial Counsel did not object to the colloquy.

Defendant asserts that the Court's ruling on the issue of self-representation at the February 1994 Hearing was clearly contrary to the United States Supreme Court's holding in *Faretta v. California*.[51] Defendant argues that Trial Counsel's failure to object to the colloquy and file a motion for an additional hearing demonstrates a lack of requisite knowledge that falls short of an objective standard of professional reasonableness.[52] Defendant argues that he suffered prejudice from Trial Counsel's ineffectiveness because a timely objection may have caused the Court to recognize its misinterpretation of law and grant Defendant's request to proceed as a self-represented litigant. Defendant contends that Trial Counsel continually failed to protect Defendant's right to self-representation throughout Defendant's subsequent proceedings, causing Defendant irrevocable prejudice.

This Court finds that Defendant fails to meet the required burden to overcome the strong presumption that Trial Counsel's representation was objectively reasonable. Trial Counsel was appointed to represent Defendant on November 1, 1993. Defendant filed his appeal from the denial of Defendant's First

---

[51] 422 U.S. 806 (1975).
[52] *Strickland*, 466 U.S. at 687-88.

SLR Motion on November 3, 1993, just two days later.[53] The Court's November 10, 1993 letter made clear that the Court would take no further action while Defendant's appeal was pending. Accordingly, Trial Counsel could not have been expected to file motions asserting Defendant's right to self-representation prior to December 22, 1993, when the Delaware Supreme Court dismissed Defendant's appeal as interlocutory.

The February 1994 Hearing was conducted shortly after the Delaware Supreme Court's dismissal of Defendant's appeal. While Trial Counsel failed to object to the form of the Court's colloquy during the February 1994 Hearing, Trial Counsel immediately raised Defendant's application for self-representation during the March 1994 Hearing.[54]

Furthermore, Trial Counsel's effectiveness must be evaluated under the totality of the circumstances surrounding representation.[55] When the February 1994 Hearing is viewed in conjunction with the case's procedural history[56] and the remaining balance of Trial Counsel's representation, Defendant fails to overcome the presumption that Trial Counsel conducted himself in accordance with

---

[53] Defendant filed the appeal as a self-represented litigant.

[54] *See State v. Johnson*, No. 92006336, at 3 (Del. Super. Mar. 11, 1994) (TRANSCRIPT) ("I suppose the first thing that needs to be addressed, and Mr. Johnson reminded me, although he didn't have to remind me, was his continuing application to represent himself not just in this matter but in the criminal matters that are pending against him . . .").

[55] *Strickland*, 466 U.S. at 681.

[56] Defendant unilaterally filed duplicative and procedurally defective motions regarding the self-representation issue throughout Trial Counsel's representation.

professional norms.[57]   Although Defendant argues that a timelier objection may have caused the Court to reconsider its position, this contention does not rise to the level of a concrete and specific allegation of an adverse effect actually suffered from Trial Counsel's deficient performance.[58]

## V.   CONCLUSION

Defendant voluntarily revoked his request for self-representation during the March 1994 Hearing and the May 1994 Hearing.  Even if the colloquy and legal analysis regarding self-representation during the February 1994 Hearing was inadequate, the denial of Defendant's request was not prejudicial in light of Defendant's subsequent waiver.  Finally, Defendant fails to demonstrate that Trial Counsel was ineffective by not protecting Defendant's right to self-representation. Accordingly, Defendant's PCR Motion does not present adequate grounds for relief.

---

[57] *See Strickland.*466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").
[58] *See id.* at 692; *Dawson*, 673 A.2d at 1196.

**NOW, THEREFORE,** this 11th day of August, 2016, Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**