DERRYAN CHISHOLM, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 459, 2009.
Supreme Court of Delaware.
Submitted: January 13, 2010.
Decided: February 4, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 4th day of February 2010, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Derryan Chisholm, was found guilty in a Superior Court bench trial of Possession With Intent to Deliver Marijuana. He was sentenced to 5 years incarceration at Level V, to be suspended after 3 years for 18 months at Level III probation. This is Chisholm's direct appeal.
(2) Chisholm's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Chisholm's counsel asserts that, based upon a careful and complete examination of the record and the law, there are no arguably appealable issues. By letter, Chisholm's counsel informed Chisholm of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Chisholm also was informed of his right to supplement his attorney's presentation. Chisholm responded with a brief that raises four issues for this Court's consideration. The State has responded to the position taken by Chisholm's counsel as well as the issues raised by Chisholm and has moved to affirm the Superior Court's judgment.
(4) Chisholm raises four issues for this Court's consideration. He claims that a) the Superior Court abused its discretion by failing to suppress the evidence against him on the basis of the illegal stop of the vehicle in which he was a passenger; b) the Superior Court abused its discretion by failing to suppress the evidence based upon an illegal search and seizure; c) the evidence presented at trial was insufficient to support his conviction; and d) the Superior Court abused its discretion by failing to dismiss his counsel prior to trial.
(5) The following evidence was presented at trial. On February 21, 2009, Wilmington Police officer Steven Cancila was observing traffic in the City of Wilmington, Delaware. He stopped a Chrysler 300 for speeding in the 1200 block of Northeast Boulevard. The car was being driven by David Barham and Chisholm was the front seat passenger. Although Officer Cancila did not have a radar detection device, he testified that the vehicle was moving at a high rate of speed in a 25 mph zone. Prior to approaching the vehicle, Officer Cancila ran the registered owner's information and discovered that there was an outstanding capias for Barham. Officer Cancila arrested Barham and asked Chisholm for identification. As he leaned inside the vehicle on the driver's side, Officer Cancila smelled marijuana, which was even stronger on the passenger side, and asked Chisholm to step out of the vehicle. Chisholm clutched at his jacket, suggesting that he was hiding something.
(6) A pat down search of Chisholm revealed two pounds of marijuana inside his jacket and approximately $1500 in cash. Another one-pound bag of marijuana was found in the trunk of the vehicle. Chisholm told the officer that the marijuana belonged to him. At trial, Chisholm's mother testified that she had given him the money found on his person. The State called Detective Chris Popp to the stand, who testified that, given the amount of the drugs, the way in which they were packaged, the amount of money found on Chisholm's person, and the fact that the drugs contained seeds and stems, Chisholm intended to repackage and sell the drugs.
(7) Chisholm's first claim is that the Superior Court abused its discretion by failing to suppress the marijuana on the basis of the illegal stop of Barham's vehicle. Because Chisholm did not own the vehicle, however, he lacks standing to challenge the stop.[2] The stop was reasonable in any case, since there was evidence that the officer observed Barham's vehicle moving much more quickly than the other vehicles in the 25 mph zone, thereby creating a "reasonable articulable suspicion" that a speeding violation was being committed.[3] We, therefore, conclude that Chisholm's first claim is without merit.
(8) Chisholm's second claim is that the Superior Court abused its discretion by failing to suppress the marijuana on the basis that he was subjected to an illegal search and seizure. The evidence at the suppression hearing and at trial, however, was that there was a strong odor of marijuana on the passenger side of the vehicle and that Chisholm was observed clutching his jacket. Taken together, these circumstances constitute probable cause for the search of Chisholm's person.[4] As such, we conclude that Chisholm's second claim is without merit.
(9) Chisholm's third claim is that the evidence presented at trial was insufficient to support his conviction. Specifically, Chisholm contends that the weight of the marijuana seized was insufficient to establish his intent to deliver the drugs. On a claim of insufficiency of the evidence, the standard of review is "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[5] Utilizing that standard, we find that the testimony of Detective Chris Popp was more than sufficient to support the State's claim that Chisholm intended to repackage and sell the marijuana, rather than use it himself.[6] We, therefore, conclude that Chisholm's third claim also is without merit.
(10) Chisholm's fourth, and final, claim is that the Superior Court abused its discretion by failing to dismiss his counsel prior to trial. The trial transcript reflects that the judge, noting that Chisholm had previously moved to dismiss his counsel, asked Chisholm if he still wished to pursue his counsel's dismissal. Chisholm agreed that he had filed the motion, but then simply stated that the motion had been denied. He did not object to proceeding to trial with his counsel and, in fact, told the judge that he wanted to discuss matters with his counsel before the trial began. At no time during the trial did Chisholm express any desire to dismiss his counsel and proceed pro se. Likewise, Chisholm has presented no evidence suggesting that the Superior Court should have dismissed his counsel sua sponte. In the absence of a factual or legal basis for Chisholm's fourth claim, we conclude that it, too, is without merit.
(11) The Court has reviewed the record carefully and has concluded that Chisholm's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Chisholm's counsel has made a conscientious effort to examine the record and the law and has properly determined that Chisholm could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Jarvis v. State, 600 A.2d 38, 41 n.1 (Del. 1991) (citing Rakas v. Illinois, 439 U.S. 128 (1978)).
[3] King v. State, Del. Supr., No. 281, 2005, Berger, J. (Feb. 22, 2006) (citing Terry v. Ohio, 392 U.S. 1 (1968)).
[4] Jenkins v. State, 970 A.2d 154, 158-59 (Del. 2009).
[5] Robertson v. State, 596 A.2d 1345, 1355 (Del. 1991).
[6] Williams v. State, 539 A.2d 164, 168 (Del. 1988) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).