IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

v.

TREQUON T. SETH,

Defendant.

:
:
:
:
:
:
:
:

I.D. No. 1612016740
Kent County

Submitted: June 7, 2017
Decided: June 16, 2017

**ORDER**

Upon Defendant's Motion to Suppress.
*Denied.*

Sean A. Motoyoshi, Esquire, Department of Justice, Dover, Delaware; attorney for the State of Delaware.

Ronald G. Poliquin, Esquire of Brown Shiels & Beauregard, LLC, Dover, Delaware; attorney for Defendant.

WITHAM, R.J.

Before the Court are a Motion to Suppress and the State's Response in opposition. Following a hearing, the parties submitted supplemental legal memoranda. Mr. Seth seeks suppression of all evidence obtained against him following a stop, detention, and subsequent search by Harrington Police.[1] For the reasons that follow, his motion to suppress is **DENIED**.

## FACTS

According to testimony at the hearing, Mr. Seth was pulled over on December 27, 2016, while driving south on U.S. Route 13 near Delaware Route 14 in Harrington, Delaware. Sergeant Baker of the Harrington Police Department pulled Mr. Seth over because the tag lights on the car he was driving were not working. When Sergeant Baker approached Mr. Seth's car, he could smell the odor of marijuana from outside the driver's window.

Sergeant Baker told Mr. Seth that he could smell the odor of marijuana, to which Mr. Seth replied that he had smoked some earlier. The officer asked Mr. Seth if there was anything else in the car and if he could search it. Sergeant Baker initially testified that Mr. Seth consented, but upon review of the motor vehicle recording (MVR) he could not identify or recall an oral or nonverbal expression of consent. Mr. Seth testified that he did not give consent for the search.

Upon searching the vehicle, Sergeant Baker discovered a backpack in the middle of the back seat which contained a digital scale, a handgun, and ammunition.

---

[1] Mr. Seth's motion also mentions at the outset that his arrest was also unlawful, but he does not support that contention with facts or legal argument.

There were no drugs inside of the backpack.

After completing the search, Sergeant Baker arrested Mr. Seth on the present charge of Carrying a Concealed Deadly Weapon. Mr. Seth filed a motion to suppress evidence obtained during the stop.

## THE PARTIES' CONTENTIONS

Mr. Seth argues that the stop of his vehicle was unsupported by reasonable and articulable suspicion because his license plate lights were working. He contends that the continued detention of the vehicle was impermissible because there was no reasonable and articulable suspicion that a crime has been committed. In his original motion, he did not address the officer's allegation that the officer smelled marijuana and that Mr. Seth admitted to having smoked recently. He also did not address the officer's allegation that he consented to a search of his vehicle.

Given the opportunity to supplement his arguments, Mr. Seth now argues that there was no consent to the search and that, because the officer subjectively based his search on consent and not a DUI investigation, the search was improper.

The State argued initially that Mr. Seth consented to the search and that the extended detention was permissible because the officer had a reasonable suspicion of possession of marijuana while in a motor vehicle, based on the smell of marijuana and Mr. Seth's admission. It contended that Mr. Seth's arrest was supported by the evidence discovered during the search of the vehicle.

In responding to Mr. Seth's supplemented arguments, the State apparently argues that the search was incident to arrest based upon the smell of marijuana and

Mr. Seth's admission to smoking hours earlier. It urges the Court to reject Mr. Seth's argument that the officer's subjective intention in searching the vehicle is relevant.

## STANDARD OF REVIEW

When a defendant moves to suppress evidence collected in a warrantless search, the State bears the burden of proving by a preponderance of the evidence "that the challenged police conduct comported with the rights guaranteed [to the defendant] by the United States Constitution, the Delaware Constitution and Delaware statutory law."[2]

## DISCUSSION

The Court rejects Mr. Seth's arguments that the license plate lights were working, because the officer's testimony and the videotape evidence clearly shows that they were not. The Court finds that the license plate lights on the car Mr. Seth was operating were not illuminated at the time of the stop.

The Court likewise rejects the State's contention, apparently abandoned in its supplemental brief, that the search was consensual. Even if the State had not abandoned its contention, it presented no evidence that Mr. Seth provided any expression of consent, oral or otherwise. In fact, there appears on the MRV a considerable amount of friendly banter between the officer and unknown parties. Odd indeed.

There was a reasonable and articulable suspicion to support Mr. Seth's continued detention after the initial stop. Indeed, the odor alone was sufficient to

---

[2] *State v. Kang*, 2001 WL 1729126, at *3 (Del. Super. Nov. 30, 2001).

4

provide probable cause (let alone a reasonable and articulable suspicion) for the search of the car. And the search was supported by both the officer's observation of the odor of marijuana and by Mr. Seth's own admission to having smoked marijuana a few hours earlier.[3]

"When an officer detects an odor of contraband coming from a vehicle, [the] officer has probable cause to believe that the vehicle contains evidence of criminal activity, and a warrantless search is proper."[4] And "[t]he odor of 'marijuana alone, if articulable and particularized, may establish . . . probable cause for officers to believe that contraband is present in the area from which the scent emanates.'"[5]

The officer smelled marijuana coming from the vehicle. That smell alone was sufficient to create a reasonable and articulable suspicion of criminal activity, which justified the continued detention. The smell of marijuana also created probable cause for a search, especially combined with Mr. Seth's admission that he had smoked marijuana recently. Since the officer had probable cause to believe that there was contraband in the car, he was permitted to initiate a warrantless search.

Despite the permissible ground for the search, Mr. Seth invites the Court to

---

[3] The State relies upon *Arizona v. Gant*, 556 U.S. 332 (2009), in its supplemental memorandum. *Gant*, however, is a case about a search incident to arrest. *Id.* at 340–41. Here, the uncontroverted testimony is that the arrest occurred after the search, so *Gant* is not applicable to the facts here.

[4] *State v. Dewitt*, 2017 WL 2209888, at *2 (Del. Super. Ct. May 18, 2017) (citing *Chisholm v. State*, 988 A.2d 937 (Table), 2010 WL 24241, at *2 (Del. Feb. 4, 2010); *Hall v. State*, 981 A.2d 1106, 1114 (Del. 2009); *Jenkins v. State*, 970 A.2d 154, 158–59 (Del. 2009)).

[5] *Id.* (quoting *Fowler v. State*, 148 A.3d 1170 (Table), 2016 WL 5853434, at *1 n.5 (Del. Sept. 29, 2016)).

probe the officer's subjective intent. But this Court has rejected such invitations on multiple occasions,[6] and does so again today. The United States Supreme Court has stated with clarity that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."[7]

## CONCLUSION

The motion to suppress is **DENIED** because the initial stop and continued detention were supported by reasonable and articulable suspicion and the search was supported by probable cause. The smell of marijuana and an admission to having smoked it hours earlier amount to probable cause for a search conducted according to the motor vehicle exception to the warrant requirement.

IT IS SO ORDERED.

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Sean A. Motoyoshi, Esquire
       Ronald G. Poliquin, Esquire

---

[6] *See, e.g., State v. Stevens*, 2017 WL 2480803, at *2 & n.5 (Del. Super. Ct. June 8, 2017) (rejecting a similar argument and collecting cases).

[7] *Whren v. United States*, 517 U.S. 806, 813 (1996).