IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARRELL LAW, | § | |
| | § | No. 372, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1611004084 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 20, 2018
Decided: April 30, 2018
Corrected: May 17, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

This 17th day of May 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     In June 2017, a Superior Court jury found the appellant, Darrell Law, guilty of Aggravated Possession (Tier 5), Drug Dealing (Tier 4), Conspiracy in the Second Degree, and Possession of Drug Paraphernalia.  The Drug Dealing conviction was merged with the Aggravated Possession conviction for sentencing. The Superior Court sentenced Law as follows:  (i) for Aggravated Possession (Tier 5),  twenty-five years of Level V incarceration, suspended after five years for

decreasing levels of supervision; (ii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for one year of Level II probation; and (iii) Possession of Drug Paraphernalia, a suspended $500.00 fine. This is Law's direct appeal.

(2)    The State's witnesses at trial included three Delaware State Police officers and a forensic analyst chemist from the Department of Forensic Sciences. Officer Thomas Macauley testified that he was patrolling Route 13 in Harrington on November 6, 2016. After he saw a car going southbound at a high rate of speed, Officer Macauley directed the driver of the car to pull over. Another police officer, Officer Brian Holl, was following Officer Macauley in another car and pulled over as well.

(3)    When Officer Macauley spoke to the driver, Kurt McIntosh, regarding the reason for the stop, he thought Mcintosh seemed extremely nervous. Officer Macauley also noticed the odor of marijuana in the car. Law was in the front passenger seat of the car. The police officers took Law[1] and McIntosh into custody. Based on the marijuana odor, the police conducted a search of the car interior. Officer Holl found 1,622 bags containing 14.488 grams of heroin under the front passenger seat and marijuana on the floor.

---

[1] The police had determined that there were two active capiases for Law's arrest.

(4)     Detective Jason Vernon testified that the heroin was for resale based on the amount and packaging.  Detective Vernon interviewed Law, who stated that he was delivering the heroin to a drug dealer in Rehoboth.  Because the video recording system was not working, the only record of the interview was Detective Vernon's handwritten notes.  A forensic analytical chemist testified that testing of a random sampling of the substance found in the car confirmed that it was heroin.

(5)     McIntosh and Law testified for the defense.  McIntosh, who had pleaded guilty to Drug Dealing, testified that the heroin belonged to him and that Law knew nothing about the heroin.  Law testified that he knew nothing about the heroin.  He also testified that he lied to Detective Vernon about delivering the heroin to Rehoboth in order to cut a deal.

(6)     On appeal, Law's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c), asserting that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Law of the provisions of Rule 26(c) and provided Law with a copy of the motion to withdraw and the accompanying brief.

(7)     Counsel also informed Law of his right to identify any points he wished this Court to consider on appeal.  Law has raised two issues for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(8)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(9)     Law raises two issues on appeal.  He argues that the Superior Court erred in denying his *pro se* motion to suppress the heroin found in the car and infringed upon his right to represent himself.  We review the Superior Court's denial of a motion to suppress for abuse of discretion.[3]  We review issues of law *de novo*.[4] As he did below, Law argues that the traffic stop was a pretext to conduct an illegal search for drugs based on racial discrimination.  Law also argues that the State's failure to produce any evidence supporting Officer Macauley's detection of the odor of marijuana means the search of the car was not justified.

(10)    Even assuming Law had standing to challenge the stop and search of the car,[5] "[a] police officer who observes a traffic violation has probable cause to

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[3] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284 (Del. 2008).

[4] *Id.* at 1285.

[5] *See, e.g.*, *Chisholm v. State*, 2010 WL 424241, at *2 (Del. Feb. 4, 2010) (holding front seat passenger who did not own car lacked standing to challenge the stop of the car for speeding); *Jarvis v. State*, 600 A.2d 38, 41 n.1 (Del. 1991) (holding passenger had no standing to object to the stop of the car, but had standing to object to the circumstances under which her person was seized).  There is no evidence in the record that Law owned or exercised control of the car.

4

stop the vehicle and its driver."[6]  Officer Macauley testified at the suppression hearing that he stopped the car because he paced the car at the same rate of speed, and his speedometer showed that the car was going 71 miles per hour in a 55 miles per hour speed zone.  As such, Officer Macauley had probable cause to stop the car.[7]

(11)  During the traffic stop, Officer Macauley asked Law to identify himself and ran a background check, which disclosed that there were two outstanding capiases for Law's arrest.  Officer Macauley did not exceed the permissible scope of a routine traffic stop by asking Law for identification and running a background check.[8]  As to Officer Macauley's detection of the odor of marijuana, this Court has held that the odor of an illegal drug is sufficient to constitute probable cause for the search of a car.[9]  Law's reliance on *State v. Heath*[10] to argue that the stop was pretextual in violation of the Delaware Constitution is insufficient to assert a

---

[6] *Holden v. State*, 23 A.3d 843, 847 (Del. 2011) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)).

[7] *See supra* n.6.

[8] *See Loper v. State*, 8 A.3d 1169, 1172-73 (Del. 2010) (holding the police did not exceed the scope of a routine traffic stop when they asked a car passenger for identification and ran a background check).

[9] *See, e.g.*, *Fowler v. State*, 2016 WL 5853434, at *2 (Del. Sept. 29, 2016) (holding the Superior Court did not err in finding that the odor of marijuana constituted probable cause to search a car); *Hall v. State*, 981 A.2d 1106, 1114 (Del. 2009) (holding strong odor of PCP established probable cause to support warrantless search of the car).

[10] 929 A.2d 390 (Del. Super. Ct. 2006).

5

constitutional claim.[11] The Superior Court did not err in denying Law's motion to suppress.

(12) Law next argues that the Superior Court did not respect his right to represent himself. A criminal defendant has the right to represent himself under the United States Constitution and the Delaware Constitution.[12] We review the alleged violation of a constitutional right *de novo*.[13] Law's claim is without merit.

(13) At his preliminary hearing, Law elected to represent himself. The Commissioner conducted a colloquy and allowed Law to represent himself. At the case review hearing, the Superior Court conducted another colloquy, found Law's waiver of his right to counsel knowing, intelligent, and voluntary, and appointed standby counsel. The Superior Court refused to issue an order directing the Department of Correction to handle Law's self-representation needs in a particular way, but gave Law thirty days to file his motion to suppress—even after Law said twenty days was sufficient—so that he would have time to obtain materials from the prison law library.

---

[11] *Turner v. State*, 25 A.3d 774, 777 (Del. 2011) (noting that the Superior Court's holding in *Heath* that the Delaware Constitution prohibits "purely" pretextual stops was not appealed and has not been followed in any other Superior Court decision and making clear that exclusive reliance on *Heath* was an insufficient basis for a claim that the Delaware Constitution was violated).

[12] U.S. Const. amend VI; Del. Const. art. 1, § 7.

[13] *Williams v. State*, 56 A.3d 1053, 1055 (Del. 2012).

(14) Before jury selection started, the Superior Court briefly reviewed the trial process, including how to make objections, with Law. After Law expressed confusion regarding how to make an objection and acknowledged standby counsel would be in a better position to represent him at trial, the Superior Court asked Law if he wished to have his standby counsel represent him at trial. Law said yes. Trial was then delayed for two weeks so former standby counsel could prepare for trial. Counsel represented Law, without any objection from Law, throughout the trial. At sentencing, after all of the parties had addressed the Court, Law asked for restoration of his right to self-representation. The Superior Court told Law he could address that in the appeal process and sentenced Law.

(15) The record does not support Law's claim that the Superior Court infringed upon his right to represent himself. A defendant may, as Law did here, waive his right to self-representation after asserting it.[14] The record shows that Law initially exercised his constitutional right to represent himself, but then chose to exercise his constitutional right to counsel at trial.

(16) This Court has reviewed the record carefully and has concluded that Law's appeal is wholly without merit and devoid of any arguably appealable issue.

---

[14] *See, e.g., Cuffee v. State*, 2014 WL 5254614, at *8 (Del. Oct. 14, 2014) (holding defendant waived his right to represent himself where he filed a motion to proceed *pro se*, he stated he was not sure he wished to do so, the Superior Court did not rule on the motion because the defendant was uncertain, the defendant proceeded through trial with counsel, and the defendant did not renew the motion to proceed *pro se* until after the guilty verdict).

We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Law could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

8